J-S55003-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                            :
              v.                            :
                                            :
                                            :
SHAWN MITCHELL WADSWORTH     :
                                            :
            Appellant              :    No. 525 WDA 2020

Appeal from the PCRA Order Entered April 9, 2020
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000218-2012

BEFORE: BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:              FILED FEBRUARY 08, 2021

Shawn Mitchell Wadsworth appeals pro se from the order that dismissed as untimely his seventh petition filed pursuant to the Post Conviction Relief Act ("PCRA"). Since the PCRA court lacked jurisdiction to correct Appellant's illegal sentence, we are constrained to affirm.

Given our disposition, a detailed review of the underlying facts of this case is unnecessary. Suffice it to say that in 2006, Appellant pled guilty to indecent assault, was determined to be a sexually violent predator, and was advised of registration obligations under the then-applicable version of Megan's Law. In 2012, Appellant was convicted of failing to comply with his obligations under Megan's Law III and was sentenced to five to ten years of

_____

[*] Retired Senior Judge assigned to the Superior Court.

imprisonment. He filed no direct appeal, and his first four PCRA petitions resulted in no relief. See Commonwealth v. Wadsworth, 174 A.3d 77 (Pa.Super. 2017) (unpublished memorandum) (affirming order dismissing Appellant's fourth PCRA petition).

Appellant filed his fifth PCRA petition in 2017, raising claims under Commonwealth v. Neiman, 84 A.3d 603, 605 (Pa. 2013) (holding Megan's Law III violated the Pennsylvania Constitution's single-subject rule), and Commonwealth v. Muniz, 164 A.3d 1189, 1192 (Pa. 2017) (holding that retroactive application of the successor to Megan's Law III, the Sex Offender Registration and Notification Act ("SORNA"), violated the ex post facto clause of the Pennsylvania Constitution). The PCRA court dismissed the petition as untimely. Appellant's appeal from the dismissal order was ultimately quashed by this Court sua sponte. See Order (817 WDA 2018), 9/17/18.

In his sixth PCRA petition, Appellant sought the reinstatement of his right to appeal the dismissal of his fifth PCRA petition. The PCRA court held a hearing at which Appellant, represented by counsel, and the Commonwealth stipulated that Appellant's fifth-petition counsel abandoned him. Accordingly, the PCRA court reinstated Appellant's appellate rights as to the order dismissing the fifth PCRA petition, and directed him to file an appeal within thirty days of its April 23, 2019 order. Appellant filed a timely pro se notice of appeal on May 3, 2019.

Although the appeal from the dismissal of Appellant's fifth PCRA petition was then pending before this Court, on May 16, 2019, counsel filed a motion to withdraw and Turner/Finley[1] letter in the PCRA court. Counsel, inter alia, observed that Appellant had no right to counsel on his serial PCRA petition, and opined that Appellant could not satisfy a PCRA timeliness exception through either Muniz or Neiman. By order of May 21, 2019, the PCRA court granted counsel's motion and granted Appellant an additional thirty days to obtain private counsel to file an appeal, apparently unaware that one had already been filed. Ultimately, the appeal was dismissed by this Court for Appellant's failure to file a brief.[2] See Order (692 WDA 2019), 8/29/19.

In the meantime, on July 17, 2019, Appellant filed a motion for appointment of new counsel and reinstatement of his appellate rights, contending that he had not been served with the order allowing counsel to withdraw. See PCRA Petition, 7/17/19, at 1-2. The PCRA court entered an order on July 18, 2019, acknowledging that the order allowing counsel to withdraw had been mailed to the wrong address, reinstating his appellate rights, and denying the request for new counsel. Appellant filed a timely notice of appeal following the entry of the order. This Court dismissed that

_____

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

[2] The certified record of the PCRA court reveals that Appellant filed his brief in that court rather than in this Court. See Brief of Appellant, 6/5/19.

- 3 -

appeal after Appellant failed to file a docketing statement. See Order (1184 WDA 2019), 10/7/19.

On January 8, 2020, Appellant filed the pro se PCRA petition that is the subject of the instant appeal. Therein, he reiterated the Neiman and Muniz claims that were the subject of his fifth petition. He further alleged that his petition satisfied the newly-discovered-facts exception to the PCRA's one-year time bar, stating:

> The issue of Megan's Law III's unconstitutionality was ruled [on] after my sentencing. Due to the fact that it is a matter of the constitution, retroactivity falls under Teague v. Lane. And since SORNA was passed after my conviction[, the] Ex Post Facto Clause renders it unapplicable to my case.

PCRA Petition, 1/8/20, at 3. Appellant requested that the PCRA court either grant relief pursuant to Muniz as sought in his fifth petition, or appoint new counsel and yet again reinstate his rights to appeal the dismissal of his fifth petition. See id. at Exhibit 1, page 1.

The PCRA court appointed counsel, who filed a motion to withdraw and Turner/Finley letter. Counsel observed that Appellant's seventh petition was merely an attempt to relitigate his fifth petition, and reiterated prior counsel's bases for concluding that the Muniz and Neimen arguments at issue therein were properly rejected. See Motion to Withdraw, 1/24/20, at Exhibit D. Additionally, counsel noted that the breakdown that thwarted Appellant's initial attempt to appeal the dismissal of his fifth petition was remedied through the relief granted on Appellant's sixth petition, and that there were

no changes in the law between the filing of the fifth and seventh petitions and related to Muniz or Neiman that entitled Appellant to relief. Id. The PCRA court granted counsel leave to withdraw, but granted Appellant leave to file an amended petition. See Order, 1/27/20.

Appellant responded with a supplemental filing that argued that he was entitled to counsel because he has mental disabilities recognized by the Social Security Administration. Appellant further contended that the PCRA court had jurisdiction to entertain his seventh petition because "the deceptive language of SORNA" amounted to governmental interference with his ability to file his claim. Response, 2/26/20, at 2. Appellant alternatively posited that Muniz "inspired a new legal theory distinct from its underlying finding" that satisfied the newly-recognized, retroactively-applicable constitutional right timeliness exception to the PCRA. Id. at 3.

The PCRA court determined that Appellant was not entitled to counsel to litigate his serial PCRA petition, and entered an order denying the request. See Order, 3/9/20. The same day, the PCRA court issued notice of its intent to dismiss Appellant's seventh PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and the court dismissed the petition as untimely by order of April 9, 2020.

Appellant filed a timely notice of appeal, and a contemporaneous statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court thereafter submitted a Pa.R.A.P. 1925(a) memorandum, and

this appeal is now ripe for our review. Appellant presents the following

questions for our consideration:

> 1) Whether any Pennsylvania court has the jurisdiction
> to render a decision retroactive, fully, on collateral attack after the
> initial decision?
>
> 2) Whether, as a matter of first impression, false
> language of an unconstitutional statute may constitute
> government interference to qualify for the exception for timeliness
> for the PCRA?
>
> 3) Whether the falseness and/or unconstitutionality of a
> statute may inspire a new legal theory which is itself a new fact
> for the purpose of qualifying for the exception to timeliness for the
> PCRA?

Appellant's brief at 4.[3]

> We begin with a review of the applicable legal principles.

> This Court's standard of review regarding an order denying a
> petition under the PCRA is whether the determination of the PCRA
> court is supported by the evidence of record and is free of legal
> error. The PCRA court's findings will not be disturbed unless there
> is no support for the findings in the certified record.

Commonwealth v. Allison, 235 A.3d 359, 362 (Pa.Super. 2020) (internal

quotation marks omitted).

"Because the PCRA time limitations implicate our jurisdiction and may

not be altered or disregarded in order to address the merits of a petition, we

must start by examining the timeliness of Appellant's petition."

Commonwealth v. Davis, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no

_____

[3] While Appellant, with leave of this Court, also filed a supplemental brief, the
Commonwealth filed no brief in this appeal.

court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019). The pertinent statute provides as follows regarding the time for filing a PCRA petition:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, any petition invoking an exception to the one-year time bar "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (emphasis added).

Appellant's claims, and his attempts to plead a timeliness exception, are based upon: (1) the language of SORNA, which took effect after his conviction in 2012, but more than seven years before Appellant filed the PCRA petition at issue in this appeal; (2) *Neiman*, which held that the statute pertinent to Appellant's case, Megan's Law III, was unconstitutional in 2013, more than six years before Appellant filed the PCRA petition at issue in this appeal; and

(3) Muniz, which held that retroactive application of SORNA, a statute that has nothing to do with Appellant's conviction, constituted an ex post facto violation in 2017, well over two years before Appellant filed the PCRA petition at issue in this appeal. As any and all of the claims could have been presented more than one year before Appellant filed his seventh petition (and indeed were presented in his fifth PCRA petition in 2017), 42 Pa.C.S. § 9545(b)(2) forecloses all of Appellants attempts to satisfy a timeliness exception, even without examining whether he can shoe-horn his arguments into any of the three specific exceptions of 42 Pa.C.S. § 9545(b)(1). As such, the PCRA court properly rejected the arguments Appellant presented to it to establish its jurisdiction over his seventh PCRA.

In Appellant's supplemental brief, he claims that our Supreme Court's decision in Commonwealth v. McIntyre, 232 A.3d 609 (Pa. 2020), entitles him to relief pursuant to Neiman.[4] See Appellant's Supplemental Brief at 1-2. That case, like the instant case, involved a PCRA petitioner who was serving a sentence of imprisonment for violating the requirements of Megan's Law III. The McIntyre Court held that McIntyre's conviction for failing to register under Megan's Law III could not stand because, as Neiman held, its

_____

[4] Appellant cited the April 1, 2020 per curiam order reversing McIntyre's judgment of sentence. The High Court subsequently filed an opinion explaining that it proceeded in that fashion because the expiration of McIntyre's prison sentence was imminent, and offering the full reasoning for its holding.

enactment in violation of the single-subject rule rendered the statute void ab initio, and McIntyre's sentence based upon violation of a non-existent statute was illegal even though it predated the Neiman decision. Id. at 619. Although McIntyre raised his claim for the first time on appeal from the denial of his PCRA petition, the Court declined to find it waived, since it is well settled that "'legality of sentence is always subject to review within the PCRA,'" provided the PCRA's time limits for filing a petition thereunder, or one of its exceptions, are satisfied[.]" Id. at 617 (quoting Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999)) (emphasis added).

It was undisputed that McIntyre's PCRA petition was timely filed within one year of his judgment of sentence becoming final. See id. at n.13. However, in the instant case, Appellant's petition, filed nearly seven years after his judgment of sentence became final, was not timely, and as discussed above, satisfied no exception to the PCRA's time bar. Since it is well-established that no court has jurisdiction to entertain the merits of an untimely PCRA petition, we must conclude that McIntyre affords Appellant no relief. See, e.g., Commonwealth v. Williams, 237 A.3d 1073 (Pa.Super. 2020) ("'Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition.'" (quoting Balance, supra at 1031)).

In sum, McIntyre makes it clear that Appellant is serving an illegal sentence, and is being imprisoned for violating a statute that is deemed to have never existed. However, our Supreme Court has made it equally clear

that there are no equitable exceptions to the PCRA's time bar, and that unless a defendant is able to satisfy one of the three PCRA's enumerated timeliness exceptions, our courts lack jurisdiction to grant Appellant relief on his PCRA-cognizable claim. See, e.g., Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003) ("This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. . . . In addition, we have noted that the PCRA confers no authority upon this Court to fashion ad hoc equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act."); Fahy, supra at 223 ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Therefore, we are constrained to hold that Appellant's petition was properly dismissed as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2021

- 10 -