2020 PA Super 168

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| HOWARD SCOTT ALLISON | : | |
| Appellant | : | No. 17 WDA 2020 |

Appeal from the PCRA Order Entered December 3, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001007-2007

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                              FILED JULY 10, 2020

Appellant, Howard Scott Allison, appeals pro se from the December 3, 2019, order entered in the Court of Common Pleas of Blair County, which dismissed Appellant's petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing, on the basis it was untimely filed.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: After a jury trial, Appellant was convicted of rape of a person less than 13 years old, statutory sexual assault, and corruption of minors.  He was sentenced to an aggregate of 12½ to 25 years in prison, and he filed a timely direct appeal to this Court.  On June 15, 2010, a panel of this Court affirmed his judgment of sentence.  See Commonwealth v. Allison, 4 A.3d 689 (Pa.Super. 2010)

_____

[*] Former Justice specially assigned to the Superior Court.

(unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 25, 2011, Appellant filed a timely pro se PCRA petition, and counsel was appointed. After the PCRA court denied the petition, Appellant appealed, and this Court affirmed the PCRA court's order. See Commonwealth v. Allison, 60 A.3d 561 (Pa.Super. 2012) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on January 9, 2013.

On October 23, 2017, Appellant filed a second PCRA petition, and the PCRA court denied relief on the basis the petition was untimely filed. On appeal, this Court affirmed. See Commonwealth v. Allison, 195 A.3d 986 (Pa.Super. 2018) (unpublished memorandum). Appellant filed a petition for allowance of appeal with our Supreme Court.

While that petition for allowance of appeal was pending, Appellant filed his third PCRA petition on November 26, 2018. The PCRA court entered an order on December 28, 2018, dismissing the petition, and Appellant appealed to this Court. Thereafter, on February 21, 2019, our Supreme Court denied Appellant's petition for allowance of appeal with regard to his second PCRA petition. As to Appellant's third PCRA petition, we affirmed the PCRA court's

dismissal of the petition on September 24, 2019.[1]  See Commonwealth v. Allison, 221 A.3d 1286 (Pa.Super. 2019) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On September 28, 2019,[2] Appellant filed a fourth pro se PCRA petition; however, the PCRA court dismissed the petition and informed Appellant he could file a petition after the expiration of the time for Appellant to file a petition for allowance of appeal with regard to this third PCRA petition.  See Commonwealth v. Lark, 560 Pa. 487, 746 A.2d 585, 588 (2000) ("[A] subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."); Commonwealth v. Montgomery, 181 A.3d 359 (Pa.Super. 2018) (en banc) (holding that a

_____

[1] Specifically, this Court held that Appellant's third PCRA petition, which was filed during the pendency of his second PCRA appeal, precluded the PCRA court from exercising jurisdiction over the third petition.  Accordingly, we affirmed the PCRA court's dismissal of the third PCRA petition on this basis.

[2] Although Appellant's pro se petition was docketed in the lower court on October 2, 2019, we shall deem it to have been filed on September 28, 2019, when it was handed to prison authorities. See Pa.R.A.P. 121(a) ("A pro se filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to prison authorities for purposes of mailing or placed in the institutional mailbox[.]").

PCRA court is precluded from considering a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible).

On October 29, 2019,[3] Appellant filed the instant pro se PCRA petition, and the PCRA court provided Appellant with notice of its intent to dismiss the petition. Appellant filed a pro se objection, and on December 3, 2019, the PCRA court dismissed Appellant's PCRA petition without an evidentiary hearing. This timely pro se appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

I.      Was the PCRA Court in error for not finding that live press statements made by United States President Donald J. Trump, U.S. Senate Majority Leader Mitch McConnell, and Senator Lindsey Graham, regarding uncorroborated sexual assault allegations made against U.S. Supreme Court nominee Brett Kavanaugh by Christine Blaise Ford, satisfied the "new fact" PCRA time bar exception of 42 Pa.C.S. § 9545(b)(1)(ii)?

II.     Was the PCRA court in error by claiming the petition is "patently frivolous and without support in the record," where, as a "genuine issue of fact," the state court record does prove that this Petitioner is, in fact, innocent?

Appellant's Brief at 5 (suggested answers and italics omitted).

_____

[3] Although Appellant's pro se petition was docketed in the lower court on October 31, 2019, we shall deem it to have been filed on October 29, 2019, when it was handed to prison authorities. See Pa.R.A.P. 121(a).

We note Appellant's September 28, 2019, and October 29, 2019, pro se PCRA petitions are identical.

Preliminarily, we note our well-established standard of review:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Commonwealth v. Turetsky, 925 A.2d 876, 879 (Pa.Super. 2007) (citations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 5 -

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[4] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." Commonwealth v. Marshall, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case sub judice, Appellant was sentenced on November 6, 2008, and this Court affirmed his judgment of sentence on June 15, 2010. Appellant did not file a petition for allowance of appeal with our Supreme Court. Accordingly, his judgment of sentence became final on July 15, 2010, when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court expired. See 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Appellant had one year from that date, or until July 15, 2011, to file a timely

_____

[4] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." See 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." See id., cmt. Appellant filed the instant PCRA petition in October of 2019, averring that his claims relate to statements made on CNN News on October 5 and 6, 2018, and, thus, we conclude the amended Subsection 9545(b)(2) applies.

PCRA petition. See 42 Pa.C.S.A. § 9545(b). Accordingly, the instant PCRA petition it is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry, however, as Appellant contends that he is entitled to the "newly-discovered facts" exception as delineated by Section 9545(b)(1)(ii). The "newly-discovered facts" exception requires a petitioner to plead and prove that "1) the facts upon which the claim was predicted were unknown and 2) could not have been ascertained by the exercise of due diligence." Commonwealth v. Bennett, 593 Pa. 382, 930 A.2d 1264, 1272 (2007) (quotation marks and quotation omitted).

In the case sub judice, Appellant contends he has "new facts" in the form of verbal statements made live by elected public officials on CNN News. Specifically, he claims the following:

> [Appellant] claims as a new fact that during a live CNN broadcast (press release), made on October 5th and 6th of 2018, United States President Donald Trump, United States Senator Majority Leader Mitch McConnell, and United States Senator Lindsey Graham all made public statements declaring that it was both unconstitutional and un-American to convict someone based on a mere allegation, with no supporting evidence and no corroborating third party.
>
>> "Our society should not, must not, set the bar so low as to allow an unsubstantiated allegation destroy an American's life. We must maintain the standard of innocent until proven guilty. We must hold ourselves to the standard that every single American deserves[.]"—Senator Mitch McConnell
>
> These statements were in response to the allegations of sexual assault brought by Christine Ford against Judge Brett Kavanaugh.

- 7 -

These statements were affirmed by a majority vote of the United States Senate on Saturday, October 6th, 2018, confirming Judge Brett Kavanaugh to the United States Supreme Court.

Appellant's PCRA Petition, filed 10/29/19, Attachment to Page 3 (italics in original).

In the case sub judice, assuming, arguendo, Appellant met the initial one year threshold, we agree with the PCRA court that Appellant has failed to demonstrate he is entitled to the timeliness exception provided for in Subsection 9454(b)(1)(ii). Aside from his unsubstantiated bald assertions, Appellant has failed to offer any evidence in support of his claims. Although Appellant sets forth a specific statement allegedly made by United States Senator McConnell, he has proffered no evidence that the Senator, in fact, made such a statement. Further, Appellant has not set forth any specific statements allegedly made by United States President Trump or United States Senator Graham. Appellant's bald assertion of vague statements he allegedly heard elected public officials make during a live television news program falls short of pleading and proving an exception to the PCRA's timing requirements.[5] Commonwealth v. Marshall, 596 Pa. 587, 947 A.2d 714,

_____

[5] In support of his claim that he has met Subsection 9545(b)(1)(ii)'s requirements, Appellant relies on Commonwealth v. Chmiel, 643 A.2d 216, 173 A.3d 617 (2017). In Chmiel, our Supreme Court held that an FBI press release admitting errors in a high percentage of cases involving FBI testimony on microscopic hair analysis could qualify as a "newly-discovered fact" for purposes of Subsection 9545(b)(1)(ii). However, unlike in Chmiel, in the

721 (2008) (holding a petitioner does not meet his burden of proving time-bar exception where he offers only general allegations, unsupported by evidence); Commonwealth v. Yarris, 557 Pa. 12, 731 A.2d 581, 588 (1999) (holding "vague and unsupported" allegations inadequate to establish time-bar exception); Commonwealth v. Carr, 768 A.2d 1164 (Pa.Super. 2001 (holding the petitioner must plead and prove specific facts to invoke the timeliness exceptions).

In his second claim, Appellant contends the PCRA court erred in dismissing his petition without an evidentiary hearing.

It is well-settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." Commonwealth v. Jones, 942 A.2d 903, 906 (Pa.Super. 2008). In the case sub judice, the PCRA court properly concluded that Appellant did not raise a genuine issue of material fact, and there is no legitimate purpose that would be served by further proceedings. Accordingly, the PCRA court did not abuse its discretion in failing to hold a hearing. See id.

For all of the foregoing reasons, we conclude Appellant has not met any of the timeliness exceptions, particularly the exception set forth in Subsection

_____

case sub judice, aside from bald and vague assertions of verbal statements allegedly made on television, Appellant has proffered no evidence supporting his claim of a "newly-discovered fact."

9545(b)(1)(ii). Therefore, we conclude the PCRA court properly dismissed Appellant's instant PCRA petition on the basis it was untimely filed.[6]

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2020

_____

[6] To the extent Appellant contends the PCRA's timeliness requirements do not apply to him because he has asserted his innocence, we note this Court has rejected such a claim. See Commonwealth v. Brown, 143 A.3d 418 (Pa.Super. 2016).