J-S55032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD RICHARD FERRY | : | |
| | : | |
| Appellant | : | No. 402 WDA 2020 |

Appeal from the PCRA Order Entered February 26, 2020
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000177-2015

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 19, 2021**

Todd Richard Ferry appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant's underlying convictions relate to his attempt to kidnap J.Z., a member of the local Mennonite community who was a minor at the time. Appellant was arrested after giving interviews to Trooper Dana Martini and, on the same day after a ninety-minute wait at the police station, Corporal Edward Mahalko.  In his omnibus pretrial motion, among other things Appellant sought to suppress his statements during the interviews, contending that he had been subjected to a custodial interrogation without receiving warnings pursuant to **Miranda v. Arizona**, 384 U.S. 436 (1966).  On direct

_____

[*] Retired Senior Judge assigned to the Superior Court.

appeal, this Court affirmed the trial court's refusal to suppress Appellant's statements, as the record reflected that Appellant had been advised of his *Miranda* rights prior to both interviews. *See Commonwealth v. Ferry*, 193 A.3d 1062 (Pa.Super. 2018) (unpublished memorandum at 18-19). Appellant also argued on appeal that the trial court erred in not giving his trial counsel sufficient time to review the transcripts of his interviews with Trooper Martini and Corporal Mahalko, but we determined that Appellant had waived the claim by not including it in his Pa.R.A.P. 1925(b) statement. *See id*. (unpublished memorandum at 19 n.7). Our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Ferry*, 199 A.3d 342 (Pa. 2018).

Appellant filed a timely *pro se* PCRA petition, and counsel was appointed. Appellant also filed an amended PCRA petition, in which he asserted the two issues he raises in this appeal, namely (1) a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), alleging that the recordings of the interviews with Trooper Martin and Corporal Mahalko were wrongfully suppressed; and (2) a claim that the transcripts of the interviews reveal that Appellant had asserted his rights to counsel and to remain silent, but his rights were ignored and the interviews continued. *See* Amendment to PCRA Petition, 11/9/19, at unnumbered 1-3. Appellant's PCRA counsel opined that the claims lacked merit and sought to withdraw, but his no-merit letter was not delivered to Appellant by prison authorities. However, Appellant eventually received a copy and was given the

- 2 -

opportunity to respond to it and make oral arguments in support of his position at a PCRA hearing on February 20, 2020.[1]  The PCRA court agreed with PCRA counsel's assessment of the claims, allowed him to withdraw, and denied Appellant's petition.

Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[2]  Appellant presents the following questions for our consideration:

> I.  [Whether t]he PCRA court committed error by finding Appellant's claim that the evidence at trial constituted a ***Brady*** violation lacked legal merit?
>
> II.  Whether the PCRA court committed legal error by failing to find that the Appellant's Fifth Amendment constitutional claim pursuant to ***Miranda v. Arizona***, 384 U.S. 436 (1966), was controlling as to compel the Appellant's conviction and judgment of sentence illegal and unconstitutional under both the state and federal constitution?

_____

[1] Counsel filed his petition to withdraw with the PCRA court, but did not attach his no-merit letter to Appellant to the filing, as he believed, and the PCRA court agreed, that it was subject to privilege.  ***See*** N.T. PCRA Hearing 2/20/2020, at 11.  Our case law is clear that counsel seeking to withdraw from PCRA representation must "file" the no-merit letter with the court, be it the PCRA court or the appellate court, to make a record for the court's independent assessment.  ***See***, ***e.g.***, ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa.Super. 2012).  Since Appellant does not challenge the sufficiency of PCRA counsel's no-merit letter, counsel's failure to file it does not impact this appeal.

[2] The PCRA court did not author an opinion, but pointed to the transcript from the PCRA hearing for an explanation of its reasoning.

Appellant's brief at 13, 17.[3]

> We begin with a review of the applicable legal principles.
>
> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Allison**, 235 A.3d 359, 362 (Pa.Super. 2020) (internal quotation marks omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

To be eligible for PCRA relief, a petitioner must plead and prove, *inter alia*, that his conviction or sentence resulted from one of the enumerated errors or defects, such as ineffective assistance of counsel or an illegal sentence, that the claim has not been previously litigated or waived, and that

---

[3] Appellant's brief lacks a separate statement of questions involved as well as several other sections specified by the Rules of Appellate Procedure. While Pa.R.A.P. 2101 permits this Court to dismiss an appeal if briefing defects are substantial, we have held that dismissal is not appropriate where the omissions do not impede our review. **See**, **e.g.**, **Commonwealth v. Levy**, 83 A.3d 457, 461 n.2 (Pa.Super. 2013). Indeed, while Pa.R.A.P. 2116 goes so far as to state that this Court will not consider a question that is not included in a statement of questions involved, this Court has held that "such a defect may be overlooked where an appellant's brief suggests the specific issue to be reviewed and appellant's failure does not impede our ability to address the merits of the issue." **Werner v. Werner**, 149 A.3d 338, 341 (Pa.Super. 2016) (cleaned up). Although Appellant's brief does not conform with the rules, we conclude that the defects in his brief do not impede our ability to review his two appellate questions, which are readily discerned from the headings to the argument sections of Appellant's brief.

the failure to litigate the claim earlier could not have been a tactical decision by counsel. *See* 42 Pa.C.S. § 9543(a)(2)-(4). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or . . . it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

With these principles in mind, we first address Appellant's claim that the PCRA court erred in denying him relief for a violation of his *Miranda* rights. Appellant maintains that, during his interview with Trooper Martini, he unambiguously and unequivocally invoked his constitutional rights to counsel and to remain silent, requiring the suppression of the statements he made thereafter, as well as DNA evidence that was subsequently collected, since Trooper Martini proceeded with the interview rather than immediately ceasing questioning. *See* Appellant's brief at 17-23.

Appellant does not couch his claim in terms of the effectiveness of trial or direct appeal counsel; rather, he contends that the PCRA court should have held that the violations entitle Appellant to a new trial at which the evidence will be precluded. *Id*. at 24. Since Appellant could have raised his claim before his judgment of sentence became final, it is waived and not an eligible

basis for PCRA relief. ***See*** 42 Pa.C.S. § 9543(a)(3). Hence, Appellant's ***Miranda*** claim merits no relief.

Appellant's contention that the PCRA court erred in rejecting his ***Brady*** claim is also unavailing. The evidence that he complains was withheld are his statements supposedly invoking his rights to counsel and to remain silent, which he claims that the Commonwealth improperly suppressed by failing to turn over the recordings of his interview with Trooper Martini. ***See*** Appellant's brief at 14-16. Appellant further asserts that the trial court suppressed this evidence at the conclusion of the hearing on his pre-trial motions, yet he also acknowledges that the recordings were provided to his trial counsel at that hearing. ***Id***. at 13. Moreover, he recognizes that his direct appeal counsel "obviously reviewed [the] entire police interviews." ***Id***. at 15. Nonetheless, Appellant maintains that the trial court, as well as the prosecution, his trial counsel, and his appellate counsel, all committed ***Brady*** violations by wrongfully keeping from him the evidence that he had invoked his ***Miranda*** rights during the interview. ***Id***. at 15-16.

We disagree. "A defendant claiming a ***Brady*** violation must plead and prove: **the prosecution** suppressed the evidence, either willfully or inadvertently; the evidence is favorable to the defense; and the evidence is material." ***Commonwealth v. Lynch***, 242 A.3d 339, 350 (Pa.Super. 2020) (cleaned up, emphasis added). Appellant cannot satisfy the first prong, as the record reflects that the prosecution provided the recordings to Appellant's

trial counsel at the hearing on his pretrial motions.[4]  *See* N.T. Omnibus Pretrial Motion Hearing, 10/2/15, at 117.  Trial counsel acknowledged having belatedly received the recordings, requested time to determine whether they provided additional bases to support his suppression motion, and informed the trial court that he would file an additional brief if necessary.[5]  *Id*. at 118.  Counsel did file a subsequent motion on other pretrial matters, and thus had the opportunity to utilize the recordings of Appellant's interviews to seek suppression but did not avail himself of that opportunity.

To the extent that Appellant complains that trial and appellate counsel should have used the statements in question to support his suppression argument, his claim sounds in ineffective assistance of counsel, not ***Brady***. To prevail on such a claim, Appellant was required to separately plead and prove not only that the claim of error had arguable merit, but also that counsel had no reasonable basis for the omission and that Appellant was prejudiced. ***See***, ***e.g.***, ***Commonwealth v. Bond***, 819 A.2d 33, 40 (Pa. 2002) (explaining that PCRA petitioner must purse a distinct ineffectiveness claims to circumvent the waiver of the underlying claim of trial court error that could have been

---

[4] Aside from the fact that the trial court is not the prosecution, we note that the court did not keep the evidence from Appellant but rather declined to suppress Appellant's statements made during the interviews.  ***See*** N.T. Omnibus Pretrial Motion Hearing, 10/2/15, at 117-20.
[5] The trial court did not, as Appellant suggests, suppress the statements; it denied Appellant's request to suppress them, and they were admitted into evidence at trial.  ***See*** N.T. Omnibus Pretrial Motion Hearing, 10/2/15, at 119.

previously litigated).  However, Appellant did not raise an ineffectiveness claim in the PCRA court, and thus may not argue it for the first time on appeal.  ***See***, ***e.g.***, ***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) ("[A] claim not raised in a PCRA petition cannot be raised for the first time on appeal."). Therefore, Appellant's second issue merits no relief.

Appellant has failed to sustain his burden of establishing that the PCRA court erred and that relief is due.  ***See Stansbury***, ***supra*** at 161. Accordingly, we affirm the order denying his petition.

Order affirmed.

Judge McCaffery joins the memorandum.

Judge Colins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2021