J-S09033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY WALKER | : | |
| | : | |
| Appellant | : | No. 2822 EDA 2019 |

Appeal from the PCRA Order Entered September 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0401341-1996

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 07, 2021**

Gary Walker ("Walker") appeals from the Order dismissing his sixth

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant history underlying the instant

appeal as follows:

> On December 13, 1995, [Walker] shot and killed William
> Hamlin outside of a barber shop at 7th and Diamond Streets in
> Philadelphia.  On July 7, 1997, a jury found [Walker] guilty of
> first[-]degree murder and possessing an[] instrument of crime
> (PIC).  [Walker] was sentenced to the mandatory term of life
> imprisonment on the murder, and to a concurrent sentence on
> PIC. On August 16, 1999, th[is] Court affirmed this judgment of
> sentence[, and o]n December 28, 1999, the Pennsylvania
> Supreme Court denied *allocatur*.  [***See Commonwealth v.***
> ***Walker***, 745 A.2d 47 (Pa. Super. 1998) (unpublished
> memorandum), ***appeal denied***, 747 A.2d 900 (Pa. 1999)].

PCRA Court Opinion, 2/3/20, at 1-2.

Walker filed several unsuccessful PCRA Petitions in the years that followed. On June 14, 2018, Walker filed the instant, counseled PCRA Petition. Walker argues that he is entitled to a new trial or evidentiary hearing based on after-discovered evidence.[1] Specifically, Walker claims that, on December 14, 2017,[2] he learned of the exoneration of Anthony Wright ("Wright"), and that the lead detective in Walker's case, Detective Frank Jastrzembski ("Detective Jastrzembski"), was also involved in the Wright case. PCRA Petition, 6/14/18, at 10. According to Walker, his counsel investigated and "confirmed several other instances of [Detective Jastrzembski's] misconduct, thus amounting to a pattern and practice of coercing and falsifying confessions and witness statements, planting or tampering with evidence, and withholding exculpatory evidence…." *Id.* at 11-12.

---

[1] In his PCRA Petition, Walker cites to 42 Pa.C.S.A. § 9543(a)(2)(vi), concerning after-discovered evidence claims under the PCRA. In his appellate brief, Walker refers to both after-discovered evidence, and the newly-discovered fact exception to the PCRA's timeliness requirement set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii). Because Walker's PCRA Petition is facially untimely, as we will discuss *infra*, his claim must be considered an attempt to invoke the newly-discovered fact exception. *See Commonwealth v. Burton*, 158 A.3d 618, 628 (Pa. 2017) (explaining that an after-discovered evidence claim, raised in a timely PCRA petition, is distinct from the newly-discovered fact exception to the PCRA's time limitations).

[2] In his appellate brief, Walker asserts that he learned "generally" of Detective Jastrzembski's misconduct in January 2017. Brief for Appellant at 8; *see also Wright v. City of Philadelphia*, 229 F. Supp. 3d 322 (E.D.Pa. 2017).

The Commonwealth filed a Motion to Dismiss Walker's Petition. On April 4, 2019, the PCRA court issued a Notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Walker's Petition as untimely filed. Walker filed an Objection, citing the procedural history of his fifth PCRA Petition, which we will discuss *infra*, and arguing that he timely raised an exception to the PCRA's time bar. On September 11, 2019, the PCRA court dismissed Walker's Petition. This timely appeal followed.

Walker now presents the following claim for our review:

Did the PCRA court abuse its discretion in dismissing [Walker's] claim without [an] evidentiary hearing[,] where he properly pled and proved he was entitled to relief based on newly[-] and after[-]discovered evidence of DeShield's[3] recantation and statement?

Brief for Appellant at 2 (footnote added).

Walker invokes the newly-discovered fact exception to the PCRA's time bar under 42 Pa.C.S.A. § 9545(b)(1)(ii), and argues that he is entitled to a new trial or evidentiary hearing. *See id.* at 10-24. According to Walker, in December 2017, he "came into contact with" Wright, "who provided him with additional details about Detective Jastrzembski's abusive tactics." *Id.* at 10; *see also id.* at 11-13 (detailing Detective Jastrzembski's misconduct in Wright's case, and pointing to exonerations of two other individuals in unrelated cases). Walker claims that he was unaware of Detective

---

[3] We note that no individual with the last name of DeShield is mentioned elsewhere in Walker's brief or the certified record, nor does Walker make any argument concerning recantation.

Jastrzembski's misconduct at the time of his trial. *Id.* at 15. Further, Walker argues that "[t]he proffered facts could not have been ascertained sooner by exercise of due diligence because they did not exist in the public domain." *Id.* at 16, 18. Regarding the timeliness of his filing, Walker states the following:

> [Walker's] case was on appeal at 2146 EDA 2017 when he discovered the proffered facts in December of 2017. [Walker's] appeal at 2146 EDA 2017 concluded on May 21, 2018. [Walker] timely filed his PCRA Petition raising the instant claim within 60[ ]days of the conclusion of his appeal, on June 14, 2018.

*Id.* at 16 (citation omitted). Walker asserts that the evidence would not be cumulative because there was no evidence presented at trial concerning Detective's Jastrzembski's misconduct. *Id.* at 18. Walker also contends that "Detective Jastrzembski admitted to omitting information about an alternate suspect…." *Id.* at 21. Moreover, Walker argues that

> [t]he proffered evidence would have compelled a different result. The Commonwealth's theory of the case was that [Walker] was the sole shooter, despite the block being riddled with different[-]caliber [fired cartridge casings ("FCCs")] that reflected three to five firearms being discharged at the scene. This theory of the case was based primarily on [Commonwealth witness Lorenzo Andrews's] statement to Detective Jastrzembski, the statement that was later revealed at trial to have intentionally omitted exculpatory details. [Two additional witnesses] both testified that they were forced by [d]etectives to falsely identify [Walker] as the perpetrator. Further, there was a discrepancy in the crime scene, as there were allegedly 25 FCCs recovered in relation to this matter, belonging to four or five guns[;] however, there were only four bullet fragments found. Had the jury heard evidence of Detective Jastrzembski's habit, pattern, and practice of coercing and falsifying witness statements and confessions, and withholding and tampering with evidence, it would have rejected the Commonwealth's theory of the case, and would have credited defense [*sic*] that [another individual] committed the instant offense.

- 4 -

*Id.* at 22-23 (citations to record omitted).

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Allison*, 235 A.3d 359, 362 (Pa. Super. 2020) (citation omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of an untimely petition. *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003). Here, Walker's judgment of sentence became final in 2000. Thus, the instant petition, filed 18 years later, is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been

presented." 42 Pa.C.S.A. § 9545(b)(2) (amended 2018).[4] Walker invokes

the newly-discovered fact exception, which

> requires that the facts upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence. To fall within this exception, the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly[-]discovered source.

*Commonwealth v. Shannon*, 184 A.3d 1010, 1015-16 (Pa. Super. 2018)

(citations, quotation marks, and some brackets omitted). "A petitioner must

explain when he first learned of the facts underlying his PCRA claims and show

that he brought his claim within sixty (60) days thereafter." *Commonwealth*

*v. Medina*, 92 A.3d 1210, 1216 (Pa. Super. 2014) (citation omitted).

Regarding the 60-day time period for raising this claim, the PCRA court

correctly noted that Walker filed his fifth PCRA Petition on February 27, 2017,

based on the allegations contained in the *Wright* case, which was decided on

January 17, 2017. *See* PCRA Court Opinion, 2/3/20, at 6. However, because

the appeal regarding his prior PCRA Petition was still pending in this Court,

the PCRA court dismissed Walker's fifth PCRA Petition as premature. *Id.*; *see*

---

[4] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, Dec. 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3. We again note the discrepancy between the date Walker allegedly learned "generally" about Detective Jastrzembski's history of misconduct, and the date on which he "came into contact with" Wright. However, because Walker's claims purportedly arose, at the latest, on December 14, 2017, the original 60-day time limit applies.

***also Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000), ***overruled on other grounds by Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020) (holding that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of time for seeking such review."). Walker subsequently retained counsel and filed a Motion to discontinue his appeal in this Court, which was granted on May 21, 2018. Because Walker filed the instant Petition on June 14, 2018, we conclude that his claim was filed within 60 days of the date it could have been presented. ***See Lark***, 746 A.2d at 588 (stating that when a PCRA petition is filed while another PCRA appeal is pending, "[t]he subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first 'date the claim could have been presented.'" 42 Pa.C.S.A. § 9545(b)(2)).

However, Walker failed to sufficiently plead and prove the existence of newly-discovered facts that were previously unknown to him. According to Walker, he "learned generally of Detective Jastrzembski's abusive tactics" through the allegations contained in the ***Wright*** case. Brief for Appellant at 8. This Court has held that "judicial decisions do not constitute new 'facts' for purposes of the newly-discovered [fact] exception set forth in Section 9545(b)(1)(ii)." ***Commonwealth v. Kretchmar***, 189 A.3d 459, 467 (Pa.

Super. 2018).[5,6] Accordingly, Walker has failed to plead and prove the newly-discovered fact exception to the PCRA's timeliness requirement.

Because Walker has failed to successfully invoke any of the exceptions necessary to circumvent the PCRA's timeliness requirement, the PCRA court did not err when it dismissed Walker's serial Petition without a hearing.

Order affirmed.

_____

[5] We observe that in his fifth, *pro se*, PCRA Petition, wherein Walker raised this issue for the first time, he attached two articles concerning Wright's exoneration: a March 2, 2015, article originally published in *Rolling Stone Magazine*, and an August 23, 2016, article published by the Innocence Project. **See** PCRA Petition, 2/27/17, Exhibit A. Though Walker does not rely on these articles in the instant appeal, his prior reliance on articles that significantly pre-date the filing of his fifth PCRA Petition calls into question the sincerity of assertion that he could not have ascertained this information sooner through the exercise of due diligence.

[6] Further, we note that the PCRA court, in its Opinion, concluded that Walker had successfully invoked the newly-discovered facts exception, but that his claim fails on the merits. **See** PCRA Court Opinion, 2/3/20, at 5-10. Specifically, the PCRA court states that such evidence would be inadmissible hearsay, and would be used only for impeachment purposes. **See id.** at 8-10. In considering Walker's Petition, the PCRA court conflated the distinct requirements of the newly-discovered fact exception to the PCRA's time bar, and the merits-based after-discovered evidence analysis under Section 9543(a)(2)(vi). **See generally Burton**, **supra**; **Commonwealth v. Brown**, 111 A.3d 171, 179 (Pa. Super. 2015) (stating that "the 'new facts' exception set forth at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered[ ]evidence claim."). Though we disagree with the PCRA court's reasoning, we conclude that the court did not err in dismissing Walker's Petition without a hearing. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012) (stating that "[t]his Court may affirm a PCRA court's decision on any grounds if the record supports it.").

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/7/2021*