J-S29039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CLIFTON PARKER, | : | |
| | : | |
| Appellant | : | No. 624 EDA 2021 |

Appeal from the PCRA Order Entered March 1, 2021
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0608821-2001

BEFORE:   PANELLA, P.J., KUNSELMAN, J. and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED OCTOBER 27, 2021**

Appellant, Clifton Parker, appeals *pro se* from the March 1, 2021, order entered in the Court of Common Pleas of Philadelphia County dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing.  We affirm.

This Court has previously set forth the relevant facts and procedural history, in part, as follows:

> During a one-hour crime spree [in 2001], Appellant and a cohort killed one man, [Raphael Shaw], attempted to kill another man, [Leon Tuck], and robbed a third man, [Jonathan Steadman].  On March 11, 2004, a jury convicted Appellant of one count each of second-degree murder, attempted murder, aggravated assault, robbery, and theft by unlawful taking, and three counts of criminal conspiracy.  The court sentenced him to life imprisonment, and a consecutive aggregate term of not less than twenty nor more than forty years of imprisonment.

---

*Former Justice specially assigned to the Superior Court.

On May 5, 2005, this Court affirmed the judgment of sentence on direct appeal. **See Commonwealth v. Parker**, 880 A.2d 10 (Pa.Super. 2005). On December 29, 2005, the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Parker**, 892 A.2d 822 (Pa. 2005). On August 31, 2006, Appellant filed his first PCRA petition. The court appointed counsel, who filed an amended petition. On November 1, 2007, the PCRA court dismissed his petition as meritless. This Court affirmed on April 14, 2010. A second petition also failed.

On March 23, 2016, Appellant filed [a] third PCRA petition, *pro se*. On November 21, 2017, the PCRA court dismissed Appellant's petition as untimely. [On appeal, this Court affirmed the dismissal of the third petition.]

**Commonwealth v. Parker**, 4059 EDA 2017, 2018 WL 5292443, at *1-3 (Pa.Super. 2018) (unpublished memorandum) (some parentheses omitted).

Appellant filed the instant petition, *pro se*, on or about September 1, 2020. Therein, Appellant acknowledged that the instant petition was untimely; however, he contended that it met the newly-discovered facts exception to the PCRA's time-bar.[1] PCRA Petition, 9/1/20, at ¶¶ 48-61. In support of his contention, he attached two letters dated November 5, 2019, and December 19, 2019, purportedly sent to him from an investigator from the Pennsylvania Innocence Project. **Id.** at Exhibits A-B. Appellant averred that the information contained within the letters was newly discovered by him as of the date he received the letters.

---

[1] There are three exceptions to the PCRA's time-bar, one of which is the newly-discovered facts exception discussed *infra*. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

The first letter indicated that, in October of 2019, the investigator spoke to Steven Thomas ("Thomas"), who told the investigator that he recognized Appellant at trial and knew he was not one of the two people Thomas saw with an unspecified victim before the victim was shot.[2] The second letter indicated that the investigator planned to obtain an affidavit from Thomas in January 2020.

The second letter also indicated that the investigator had previously spoken to Leon Tuck ("Tuck"), who was the victim in the attempted murder case, and Tuck was uncooperative. However, according to the letter, Tuck changed his mind and agreed to speak to the investigator in January 2020. Notably, the petition did not provide any information as to whether Thomas signed an affidavit or whether the investigator spoke to Tuck as planned. It also did not specify what information Tuck could supposedly provide.

Appellant averred that he exercised due diligence in obtaining the information and that he could not have obtained the information any sooner because Thomas and Tuck only now agreed to provide the information.

The Commonwealth filed a response, urging the PCRA court to dismiss the petition as untimely filed. On January 27, 2021, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, explaining that it was dismissing the petition as untimely

---

[2] Although it is unclear from the attached letter, based upon the averments in the petition, presumably "the victim" refers to Shaw.

because Appellant did not meet his burden of pleading and proving an exception to the PCRA's time bar. It also stated his petition was without merit. Appellant filed a response. On March 1, 2021, the PCRA court dismissed Appellant's PCRA petition on the basis it was untimely.

Appellant timely filed a *pro se* notice of appeal. The trial court did not order a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one. In lieu of an opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court directed our attention to its May 1, 2021, opinion accompanying its dismissal order.

On appeal, Appellant asserts one issue (verbatim): "Whether Appellant is entitled to Post Conviction Relief or a remand for an evidentiary hearing as a result of newly discovered evidence in the form of testimony of an exonerating eyewitness and victim of the crime?" Appellant's Brief at 3.

We review this issue mindful of the fact that "[t]he question of whether a [PCRA] petition is timely [filed] raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review [is] plenary." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa.Super. 2016).

The timeliness of the filing of a post-conviction petition is jurisdictional. **Commonwealth v. Robinson**, 12 A.3d 477, 479 (Pa.Super. 2011). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely

- 4 -

PCRA petition." *Commonwealth v. Allison*, 235 A.3d 359, 362 (Pa.Super. 2020).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S.A. § 9545(b). "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Appellant concedes that his petition was not filed within the PCRA's one-year timeframe, but he argues that he has pleaded and proved the newly-discovered facts exception to the time bar. Appellant's Brief at 7. This exception provides as follows.

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

\*\*\*

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S.A. § 9545(b)(1)(ii). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been

- 5 -

presented.[3] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Allison*, 235 A.3d at 363 (citing *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008)).

On appeal, Appellant argues the PCRA court erred by dismissing his petition without a hearing because his petition met the newly-discovered facts exception. He contends "Mr. Thomas and Mr. Tuck spoke with the Innocence Project on October 25, 2019, setting forth the averment that Appellant was falsely accused and was not one of the two suspects who shot the victim." Appellant's Brief at 7. In Appellant's view, the PCRA court should have held an evidentiary hearing to hear from Thomas and Tuck and determine their credibility. *Id.* at 8.

Appellant's contention in his brief does not match the information he pleaded in his PCRA petition. In his petition, he averred that the Innocence Project spoke to Thomas on October 25, 2019; neither the petition nor its

_____

[3] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." *See id.*, cmt. Appellant filed the instant PCRA petition on September 1, 2020, relying upon claims related to a November 5, 2019, and a December 19, 2019, letter. Accordingly, the amendment applies to Appellant.

attachments specify the date Tuck spoke to the Innocence Project. As noted above, the petition did not allege any information provided by Tuck, let alone any information that would exonerate Appellant.

Moreover, regarding Thomas, although Appellant's PCRA petition alluded to the potential of obtaining an affidavit from Thomas, the petition neither attached an affidavit nor explained why an affidavit was not attached. *See* Pa.R.Crim.P. 902(A)(12) (explaining that a PCRA petition must contain "the facts supporting each [ground complained of] that do not appear in the record, and an identification of any affidavits, documents, and other evidence showing such facts"); Pa.R.Crim.P. 902(D) ("The defendant shall attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached."). Notably, Appellant provided no signed certification to his PCRA petition as to Thomas wherein he stated the witness's name, address, date of birth, and substance of testimony.[4] *See* 42 Pa.C.S.A. § 9545(d)(1).

All that Appellant pleaded was that he received a letter from an investigator who allegedly spoke to Thomas, and that Thomas allegedly told the investigator that Appellant was not the person Thomas originally identified. This indirect double hearsay does not constitute specific facts

---

[4] Appellant also did not provide any signed certification as to Tuck.

needed to establish an exception to the PCRA time-bar. ***See Commonwealth v. Yarris***, 731 A.2d 581, 592 (Pa. 1999) ("A claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the [newly]-discovered [facts] exception to the timeliness requirement."). Accordingly, the PCRA court did not err by dismissing the petition as untimely filed.[5]

Order affirmed

---

[5] Appellant contends the PCRA court erred in dismissing his PCRA petition without holding an evidentiary hearing. We note:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Grayson***, 212 A.3d 1047, 1054 (Pa.Super. 2019) (quotation omitted).

Here, applying this standard, we conclude the PCRA court did not err in declining to hold an evidentiary hearing as to Appellant's petition.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date: 10/27/2021*