**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALTO LINDSAY | : | |
| | : | |
| Appellant | : | No. 1345 EDA 2024 |

Appeal from the PCRA Order Entered May 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011932-2008

BEFORE:  BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 10, 2025**

Ralto Lindsay appeals from the order that dismissed his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

The PCRA court provided the following factual background:

On July 7, 2008, Appellant . . . attacked his girlfriend, L.J., in their home.  Appellant slammed L.J.'s head against a brick wall and told her "I'm going to kill you, you're going to die here today."  L.J. obtained a temporary protection from abuse order, and Appellant moved out.  On July 20, 2008, Appellant entered L.J.'s home, backed her into a corner, and cut her hand with a knife, leaving her left index finger hanging off.  L.J. broke free and ran out of the home and down the street.  Appellant chased L.J., slammed her into a van parked on the street, and stabbed her in the neck, thighs, back[,] and torso.  Appellant was arrested and charged with attempted murder, aggravated assault, and related offenses.

PCRA Court Opinion, 7/1/24, at 1 (cleaned up).

_____

[*] Former Justice specially assigned to the Superior Court.

Following a non-jury trial, Appellant was convicted of attempted murder, aggravated assault, possession of an instrument of crime, simple assault, and recklessly endangering another person, and sentenced to thirty-two and one-half to sixty-five years of incarceration. After Appellant's direct appeal rights were reinstated, he timely appealed, and this Court affirmed his judgment of sentence on April 17, 2012. *See Commonwealth v. Lindsay*, 48 A.3d 479 (Pa.Super. 2012) (unpublished memorandum). He did not file a petition for allowance of appeal.

Appellant thereafter filed four unsuccessful PCRA petitions. On February 13, 2023, he submitted the instant *pro se* petition, his fifth. Newly appointed counsel filed an amended petition arguing that trial counsel was ineffective for not informing Appellant of a plea offer made by the Commonwealth, and for failing to explain that the charges for attempted murder and aggravated assault would not merge for sentencing purposes. Appellant explained that "the Commonwealth finally disclosed . . . an offer sheet that was in their possession . . . as part of a federal litigation[,]" where "[i]n prior filings . . . the Commonwealth mistakenly denied the existence of this offer." Amended PCRA Petition, 12/3/23, at 2. The Commonwealth conceded that it discovered in its files on March 1, 2022, that it had offered for Appellant to plead guilty to attempted murder in exchange for an agreed upon sentence of fifteen to thirty years of incarceration, despite having previously represented that no such plea existed. *See* Commonwealth's Letter in Brief, 1/11/24, at 3.

The PCRA court held an evidentiary hearing wherein Appellant, trial counsel, James Bruno, Esquire, and the author of Appellant's plea offer, Assistant District Attorney ("ADA") James Carpenter, Esquire, testified. Attorney Bruno explained that it was common practice for the Commonwealth to offer plea deals, and he typically visited clients in jail to discuss any offers if they were incarcerated, but he had no recollection of doing so here. *See* N.T. PCRA Hearing, 5/3/24, at 15. ADA Carpenter testified that the plea offer document was marked as "rejected[,]" but he had no recollection of Attorney Bruno communicating that rejection to him. *See* N.T. PCRA Hearing, 4/26/24 at 52. When Appellant took the stand, he indicated that he would have taken the pre-trial plea offer if it had been presented. *Id*. at 12-13. He also claimed that he only met with Attorney Bruno once, and that they had no contact after their initial meeting until trial four to five months later. *Id*. at 25.

On cross examination, the Commonwealth questioned whether Appellant told the truth at trial that he acted in self-defense against L.J., to which he answered affirmatively. *Id*. at 32. When asked whether Appellant would have been willing to agree "to the Commonwealth's version of events that [it] offered which was that [he] in fact stabbed [L.J.], fifteen times[,]" the court clarified that "[h]e'd have to do that to accept the plea, with the intent to kill" and asked whether Appellant was agreeing to that recitation. *Id*. at 37. Appellant remained silent. On redirect, Appellant responded affirmatively when asked "[e]ven if [he] was innocent of something, if it was

in [his] best interest to plead guilty to something, would [he] do it?" ***Id***. at 43. At the conclusion of testimony, the court determined that while the plea offer "probably wasn't relayed" to Appellant, he was not credible in stating that he would have accepted the offer had it been presented to him. ***See*** N.T. PCRA Hearing, 5/3/24, at 55.

The court therefore denied Appellant's petition on the merits, and this timely appeal followed. Appellant and the PCRA court complied with the requirements of Pa.R.A.P. 1925. Appellant presents the following questions for our determination, which we have reordered for ease of disposition:

> A. Did the PCRA court err in denying the PCRA petition after a hearing, as trial counsel was ineffective for failing to investigate and then properly advise Appellant whether the facts allegations [*sic*] regarding attempted murder and aggravated assault, constituted two separate and distinct criminal acts. Appellant was unaware of his actual sentencing exposure and had he known attempted murder and aggravated assault may not merge, he would have accepted an offer from the Commonwealth had one been conveyed. This ineffectiveness induced Appellant into waiving his right to a jury. Accordingly, the Appellant has suffered prejudice as he waived his constitutional right to a jury trial and he is also serving a much lengthier sentence. Appellant's right to counsel under the federal and P[ennsylvania] constitutions were deprived?
>
> B. Did the PCRA court err in denying the PCRA petition after a hearing, as trial counsel was ineffective for failing to convey a pretrial offer that Appellant would have accepted, and as a result he is serving a much longer sentence, therefore Appellant has suffered prejudice due to counsel's omission/failure to convey the offer. Appellant was deprived of his right to meaningful pretrial negotiations and his overall right to counsel under the federal and P[ennsylvania] constitutions?

Appellant's brief at 6 (some capitalization altered).

We begin with an examination of the applicable legal principles. This Court reviews the denial of a PCRA petition "to determine whether the record supports the PCRA's court's findings and whether its order is free of legal error." **Commonwealth v. Min**, 320 A.3d 727, 730 (Pa.Super. 2024). Thus, we review the PCRA court's legal determinations *de novo*, but its "credibility determinations, when supported by the record, are binding[.]" **Commonwealth v. Hopkins**, 231 A.3d 855, 871 (Pa.Super. 2020). An appellant has the burden to persuade this Court "that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

The timeliness of a PCRA petition is jurisdictional. **See Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa.Super. 2022). This Court may only consider the merits of a petition that has been filed within one year of the date that the underlying judgment of sentence became final, unless the petitioner alleges and proves one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final on May 17, 2012. *See Commonwealth v. Allison*, 235 A.3d 359, 363 (Pa.Super. 2020) (stating that a judgment of sentence becomes final "when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court [has] expired"). The petition at issue in the instant appeal was not filed until February 13, 2023. Therefore, Appellant's petition is patently untimely. Unless Appellant's petition satisfied one of the enumerated timeliness exceptions, no court has jurisdiction to consider the merits of his claims.

Here, Appellant invoked both the newly-discovered fact and governmental interference exceptions. *See* Amended PCRA Petition, 12/3/23, at 9-10. The Commonwealth conceded that the petition satisfied the § 9545(b)(1)(ii) exception, acknowledging the following:

> 1) since 2012 Appellant has claimed ineffectiveness of trial counsel for various reasons including failure to explain his sentencing exposure; 2) the Commonwealth asserted that these arguments were without merit because there was no evidence an offer had been made to Appellant; 3) both the PCRA court and Superior Court relied on this assertion in denying relief; and, 4) in 2022, during federal habeas proceedings, the Commonwealth discovered previously undisclosed evidence that it had in fact extended an offer of [fifteen] to [thirty] years to Appellant.

PCRA Court Opinion, 7/1/24, at 3 (citing Commonwealth's Letter in Brief, 1/11/24, at 2-3). The PCRA court, which proceeded to conduct a hearing on

the merits of Appellant's claims, appears to have *sub silentio* found that an exception was satisfied.

As the timeliness of a PCRA petition is jurisdictional and we are not bound by the parties' agreement on the issue, it is proper for this Court to *sua sponte* address the applicability of the alleged exceptions. **See Commonwealth v. Rivera**, 324 A.3d 452, 468 n.16 (Pa. 2024). We consider the PCRA court's legal conclusion as to the applicability of the exception *de novo*. **Commonwealth v. Reid**, 235 A.3d 1124, 1166 (Pa. 2020). Upon review, we agree that Appellant's petition satisfies the PCRA's timeliness strictures. He has challenged the adequacy of counsel's communications since his sentence became final in 2012, found his efforts thwarted by the Commonwealth's failure to disclose the evidence upon which his present claim is based, and filed the instant petition within one year of the Commonwealth's belated disclosure. These facts support both of the alleged exceptions to the PCRA's time bar. **Accord Commonwealth v. Natividad**, 200 A.3d 11, 29 (Pa. 2019) (concluding that claim raised promptly after the disclosure of material withheld by the Commonwealth satisfied the § 9545(b)(1)(i) and (ii) exceptions); **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018) (concluding that Hart had invoked the newly-discovered facts exception as to letters withheld by the Commonwealth, as "Hart could not be expected to assume that the Commonwealth may not have been forthright when it

reassured him that no other correspondence existed"). Accordingly, we proceed to review of the merits of his claims.

In Appellant's first claim of error, he contends that trial counsel was ineffective for failing to advise him that his charges for attempted murder and aggravated assault may not merge for sentencing purposes, which would have caused him to accept the Commonwealth's plea offer had one been presented. *See* Appellant's brief at 31. This issue has been previously raised and resolved during a prior PCRA petition. *See Commonwealth v. Lindsay*, 161 A.3d 379 (Pa.Super. 2017). Therefore, we may not address it. *See* 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for PCRA relief, "the petitioner must plead and prove by a preponderance of the evidence" that "the allegation of error has not been previously litigated or waived").

Appellant next avers that trial counsel was ineffective for failing to inform him of the Commonwealth's pre-trial plea offer. With respect to ineffective counsel claims, "the burden of overcoming the presumption [of effectiveness] rests with the defendant." *Commonwealth v. Daniels*, 104 A.3d 267, 281 (Pa. 2014). To obtain relief, an appellant must prove that: "(1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his actions or failure to act; and (3) the petitioner was prejudiced by counsel's deficient performance such that there is a reasonable probability that the result of the proceeding would have been different absent counsel's error or omission." *Hopkins*, 231 A.3d at 870-71. The failure to satisfy any

element of the test "requires rejection of the claim." **Daniels**, 104 A.3d at 281. To establish the prejudice prong, a petitioner must prove that he would have accepted the plea offer but for counsel's ineffectiveness. **See Commonwealth v. Rizor**, 304 A.3d 1034, 1060 (Pa. 2023).

In the case *sub judice*, the PCRA court held that Appellant was unable to establish that he was prejudiced by counsel's omission because it "determined that Appellant was incredible on the issue of whether he would have accepted the Commonwealth's offer." PCRA Court Opinion, 7/1/24, at 6-7. The certified record supports that conclusion.

At the evidentiary hearing, Appellant maintained his original defense that L.J. was the initial aggressor, and he only engaged in self-defense. **See** N.T. PCRA Hearing, 4/26/24, at 26. He further remained silent when the Commonwealth and court inquired as to whether he would have admitted that he stabbed L.J. fifteen times in order to accept the pre-trial offer. **Id**. at 37. Given this testimony, the court's disbelief of Appellant's representation that he would have accepted the offer had it been presented to him was not an abuse of discretion. Accordingly, we have no cause to disturb the PCRA court's finding that Appellant was not prejudiced by counsel's deficient performance.

Based on the foregoing, we affirm the court's denial of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/10/2025