J-S13039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF<br>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>CRAIG ANDRUS</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 1250 EDA 2020</td></tr>
</table>

Appeal from the PCRA Order Entered May 18, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005092-2017

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                      Filed: June 10, 2021

Craig Andrus (Andrus) appeals *pro se* from the order of the Court of
Common Pleas of Philadelphia County (PCRA court) dismissing his petition filed
under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After
review, we affirm.

**I.**

On June 4, 2018, Andrus entered a guilty plea to third-degree murder
and persons not to possess firearms.[1] The Commonwealth summarized the
facts supporting the plea as follows:

> [O]n April the 16th of 2017, [Andrus] was armed with a
> firearm on the 3200 Block of F Street in Philadelphia at

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a) and 6105.

approximately 1:19 a.m. [H]e has [a] prior conviction for possession with intent to deliver that makes him ineligible to possess that firearm and he also does not have a license to carry a firearm.

While he was on 3200 F Street he encountered the victim, Nizare Davis … [A]t the time he encountered her, she was in possession of a 22-caliber revolver with a 2-inch barrel. [T]here was an exchange of words between the victim and [Andrus] and [Andrus shot] the victim twice. He fired three shots. Three 32-caliber fired cartridge casings were recovered from the crime scene. Two struck [the victim].

* * *

[Multiple witnesses would testify] that there was a prior dispute about a half hour before the shooting at a Kellis Bar at the intersection of Kensington and Allegheny at which time the victim's girlfriend, Shamecca Franklin was arguing with [another woman] and that [Andrus] broke up the argument, essentially.

[D]uring the course of that, [Andrus] put his hands on Shamecca Franklin to separate her from the other woman. And Miss Franklin and another witness stated that he put his hands around her neck and choked her.

[T]hat information got back to [the victim], who was dating Miss Franklin, and she was angry and upset about that, and confronted [Andrus] when she saw him at the 3200 Block of F Street. And that precipitated in the exchange of words that [the victim told Andrus] she was going to shoot him. She never fired her gun. But after she said that, he fired at her.

N.T., 6/4/18, at 34-39.

Andrus was offered a closed plea deal to 11½ to 23 years' imprisonment. At first, Andrus did not want to plead because he believed he had a defense that the victim threatened him with a gun before he shot her. Aware of the plea offer, the trial court reminded Andrus that a justification defense at trial would require admitting that he illegally possessed a firearm. Additionally, as

- 2 -

part of pleading guilty, the trial court agreed that it take on two pending parole violations that Andrus was facing with another judge. After a short recess in which he conferred with a family member, Andrus pled guilty and was sentenced that same day to 11½ to 23 years' imprisonment, with the trial court giving him a consecutive 6 to 23 months for one of the parole violations.

Despite still having counsel, Andrus filed a *pro se* notice of appeal stating that he wanted to withdraw his plea. We remanded for the trial court to determine whether trial counsel had abandoned Andrus. After appointing new counsel, the trial court directed her to file a Pa.R.A.P. 1925(b) statement. Rather than do that, however, counsel applied for a remand to withdraw Andrus's guilty plea. When asked to show cause why we should not remand, the trial court responded that remand was unnecessary because it would deny any motion to withdraw because Andrus's plea was knowing, voluntary and intelligent. We, thus, declined to remand and affirmed the judgment of sentence because Andrus's sole issue—plea counsel's effectiveness for not moving to withdraw the plea—was not cognizable on direct appeal. **See Commonwealth v. Andrus**, 1868 EDA 2018 (Pa. Super. 2019) (unpublished memorandum).

On December 26, 2019, Andrus filed a *pro se* PCRA petition, asserting that plea counsel coerced him to plead guilty. Counsel was appointed and

- 3 -

moved to withdraw by filing a **Turner/Finley** no-merit letter.[2]  The PCRA

court agreed and issued notice of intent to dismiss under Pa.R.Crim.P. 907.

After Andrus responded, the PCRA court issued an opinion and order

dismissing the PCRA petition and granting counsel's motion to withdraw.

Andrus then filed this appeal and raises the following two issues:

> 1.　　[Did the PCRA court err] by failing to address [Andrus's] *pro se* objections to the **Finley** letter and the [PCRA court's] 907 intent to dismiss notice, which deprived [Andrus] of due process and equal protection of the law?

> 2.　　[Did the PCRA court err] by failing to conduct an evidentiary hearing to ascertain the allegations that trial counsel was prejudicially ineffective, which undermined the guilty plea?

Andrus's Brief at 3.[3]

_____

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998).

[3] "Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Pier**, 182 A.3d 476, 478 (Pa. Super. 2018) (citation and quotation marks omitted).  "It is well-settled that [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Allison**, 235 A.3d 359, 364 (Pa. Super. 2020) (citation and quotation marks omitted).  A PCRA court's decision to deny a request for an evidentiary hearing will not be overturned absent an abuse of discretion.  **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

**II.**

As Andrus is essentially reasserting that plea counsel was ineffective for coercing him into pleading guilty rather than investigating and pursuing a theory of self-defense at trial, we will address the two issues together.

Because his claim involves the effectiveness of counsel, we are guided by the following principles. We presume counsel is effective and a petitioner bears the burden to prove otherwise. ***Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). To establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. ***See Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016) (citation omitted).

> A criminal defendant has the right to effective counsel during a plea process as well as during a trial. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and quotation marks omitted).

Additionally,

> A valid guilty plea must be knowingly, voluntarily and intelligently entered. [Pennsylvania Rule of Criminal Procedure 590 mandates] that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted). Where the record clearly shows the court conducted a thorough plea colloquy and the defendant understood his rights and the nature of the charges against him, the plea is voluntary. *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001).

In this case, the trial court found that plea counsel did not coerce Andrus into foregoing his self-defense theory and pleading guilty.

> [T]he record clearly demonstrates that [Andrus] entered into a knowing, intelligent, and voluntary plea. [Andrus] reviewed and signed a Written Guilty Plea Colloquy Form, which covered the enumerated elements of each of [his] charges, including First - and Third - Degree Murder, the maximum penalties associated with each, his absolute right to a jury trial, the presumption of his innocence, the permissible ranges of sentences and fines, and that

by entering into a plea, he was subject to very limited appellate rights.

This Court supplemented the Written Guilty Plea Colloquy Form with an extensive oral colloquy, wherein this Court advised [Andrus] of the presumption of his innocence, his absolute right to a jury trial, and the Commonwealth's burden of proof, and the permissible range of sentences. N.T. 6/4/2018 at 8-18, 28-32.

This Court further explained that [Andrus] could face additional jail time for violation of his parole in an unrelated matter. *Id.* at 18. The Court also explained that, at trial, he faced maximum penalties of life imprisonment for First - Degree Murder, five to ten years of imprisonment for [persons not to possess firearms], three to seven years of imprisonment for [firearm not to be carried without a license], and two and one-half to five years of imprisonment for both [carrying firearms in Philadelphia] and Possession of an Instrument of Crime ("PIC"). *Id*. at 5-6. With a prior record score of three, the standard range of sentences for [persons not to possess firearms] began at forty-two to fifty-four months of imprisonment, thirty to forty-two months of imprisonment for [firearm not to be carried without a license], and six to sixteen months of imprisonment for [carrying firearms in Philadelphia] and PIC. *Id*. at 6-7.

[Andrus] confirmed that he could read, write, and understand English. *Id*. at 25. [Andrus] stated that he was previously diagnosed with [ADHD] and depression and, while in prison for the previous eleven and one-half months, he had been prescribed Celexa and Zyprexa, which did not interfere with his ability to understand the nature of his plea. *Id*. at 26-27. At the conclusion of the colloquy, [Andrus] confirmed that he was prepared to accept responsibility and enter his plea, that he was pleading guilty because he was in fact guilty, that he was giving up almost all of his rights to an appeal, that the instant plea counted as a violation of probation on two unrelated matters, and that he was giving up his right to a jury trial where the Commonwealth would have to prove his guilt beyond a reasonable doubt. *Id*. at 30-33. Though [Andrus] attests that he killed the decedent in an act of self-defense, such that a jury would acquit him if he were permitted to present witnesses and other various defenses, [Andrus] knowingly gave up his right to present those defenses upon entering his plea. *Id*. at 42-43. Ultimately, this

Court imposed the [11 ½ to 23] year sentence that [Andrus] negotiated, and his claim therefore fails.

PCRA Court Order and Opinion, 5/18/20, at 5-6.

We agree with the PCRA court that a hearing was not required because the PCRA petition does not raise a genuine issue of material fact. First, as the PCRA court recognized, Andrus signed a written plea colloquy in which he acknowledged that he understood the nature of the charges, the permissible range of sentences for the offenses for which he was charged, and that he was entering the plea "knowingly, voluntarily, and intelligently." See Written Guilty Plea Colloquy, 6/4/18. Andrus affirmed that he was pleading guilty of his own free will, understood the rights that he was giving up, that he was satisfied with counsel's representation and understood the defenses he was giving up. *Id*.

Andrus reaffirmed that he was voluntarily pleading guilty on the record during his colloquy with the trial court, as the trial court reviewed all the requirements for a valid guilty plea under Pa.R.Crim.P. 590. First, the trial court reviewed the nature of third-degree murder and persons not to possess firearms. *See* N.T., 6/4/18, at 41-42. Second, the trial court reviewed the factual basis for the charges with Andrus. *Id*. at 34-39. Third, the trial court explained to Andrus his right to trial by jury and that he was giving up that right by pleading guilty. *Id*. at 31-32. Fourth, the trial court confirmed that Andrus understood and was giving up his presumption of innocence. *Id*. at 32-33. Fifth, the trial court reviewed the range of permissible sentences for

the offenses to which he was pleading guilty, even though he was entering a closed plea with an agreed sentence. *Id*. at 28-30.

Despite his colloquy, Andrus now claims that his plea was unvoluntary because his trial counsel did not properly investigate his case and coerced him into pleading guilty, even though he had a viable theory of self-defense. However, statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). Consequently, Andrus cannot assert grounds for withdrawing the plea that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999).

Based on our review of the colloquies, Andrus simply decided to avail himself of the benefit of the closed guilty plea and limit his exposure to additional incarceration for the pending parole violations with a different judge. As the PCRA court explained, Andrus's theory of self-defense necessitated him in admitting that he possessed a firearm, effectively conceding his guilt to several firearm offenses. This being the case, Andrus decided to take the deal rather than risk being convicted of first-degree murder. For these reasons, Andrus is not entitled to relief and the PCRA court did not abuse its discretion in dismissing his petition without hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/10/21</u>