J-S13011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM RANKINS | : | |
| | : | |
| Appellant | : | No. 3090 EDA 2022 |

Appeal from the PCRA Order Entered September 14, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002037-2004

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 26, 2023**

Appellant William Rankins appeals *pro se* from the order dismissing his petition for *habeas corpus* as an untimely subsequent petition under the Post-Conviction Relief Act[1] (PCRA).  Appellant argues that his *habeas* petition is not subject to the PCRA's time limitations, and that he was entitled to relief on his claims.  We affirm.

The underlying facts and procedural history of this matter are well known to the parties.  ***See Commonwealth v. Rankins***, 39 EDA 2006, at 1-12 (Pa. Super. filed Mar. 20, 2007) (***Rankins I***) (unpublished mem.).  Briefly, Appellant was convicted of two counts of first-degree murder and related

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

offenses after a non-jury trial in the Delaware County Court of Common Pleas.[2]
On December 5, 2005, the trial court imposed a sentence of two consecutive terms of life imprisonment followed by ten to twenty years' imprisonment. On direct appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied further review on August 29, 2007. *See id.*, *appeal denied*, 931 A.2d 657 (Pa. 2007). Appellant subsequently filed a first PCRA petition, which was ultimately dismissed as untimely.

On July 19, 2022, Appellant filed the instant *pro se* petition seeking *habeas corpus* relief. Therein, Appellant argued that his sentence had deprived him of the rights to access the courts and be free from mistreatment at the hands of prison officials under the Eighth Amendment to the United States Constitution. *Pro Se* Pet. for *Habeas Corpus*, 7/19/22, at 1-2. Appellant claimed that the Huntingdon County Court of Common Pleas[3] had

_____

[2] 18 Pa.C.S. §§ 2502(a).

[3] In his *habeas* petition, Appellant referred to a civil action he filed in Huntingdon County, and alleged that his status as an inmate deprived him of due process in that civil action. **See** *Pro Se* Pet. for *Habeas Corpus*, 7/19/22, at 1-4. Appellant did not provide specific details about the Huntingdon County civil action in his petition, **see id.**, and the PCRA court was not able to obtain additional information about it. **See** PCRA Ct. Op., 1/25/23, at 4 n.2. However, in his appellate reply brief, Appellant identifies the Commonwealth Court docket number for his appeal from the Huntingdon County civil action. **See** Appellant's Reply Brief at 2.

Briefly, in 2020, Appellant filed a complaint alleging that several employees of SCI-Smithfield had violated his federal constitutional rights. **Rankins v. McConaughey**, 978 C.D. 2021, 2023 WL 2594004, at *1 (Pa. Cmwlth. filed Mar. 22, 2023) (**Rankins II**) (unpublished mem.). Appellant also filed a
*(Footnote Continued Next Page)*

disclosed his sentence's impact on his constitutional rights for the first time in October 2021. *Id.* Appellant also claimed that the sentencing statutes are unconstitutionally vague because they do not provide conditions to ensure that a sentence of imprisonment does not violate the Eighth Amendment. *Id.* at 3. Appellant further argued that the sentencing statutes do not provide adequate notice that a defendant's constitutional right to due process in civil proceedings would be diminished following sentencing. *Id.* at 3-4. Appellant requested that he be released, or in the alternative, that he be resentenced. *Id.* at 4.

On August 9, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a timely *pro se* response, arguing that his claims were not cognizable under the PCRA. On September 14, 2022, the PCRA court dismissed Appellant's petition as untimely filed.

_____

motion to proceed *in forma pauperis* (IFP) with the Huntingdon County trial court. *Id.* On April 30, 2021, the Huntingdon County trial court entered an order granting Appellant IFP status. *Id.* That same day, the Huntingdon County trial court also dismissed Appellant's complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1) because the complaint "lacks an arguable basis in law or in fact, and thus does not set forth a valid cause of action." *Id.* (citation omitted). On appeal, the Commonwealth Court reversed and remanded for further proceedings, concluding that because the Huntingdon County trial court had granted Appellant IFP status, it could not dismiss Appellant's complaint as frivolous pursuant to Rule 240(j). *Id.* at *2.

Appellant filed a timely notice of appeal[4] and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court subsequently issued a Pa.R.A.P. 1925(a) opinion reiterating that Appellant's PCRA petition was untimely.

On appeal, Appellant raises the following issues, which we reorder as follows:

1. Did the PCRA court improperly convert Appellant's [petition for a] writ for *habeas corpus* relief into a PCRA petition?

2. [Were] Appellant's contentions raised in a timely fashion?

3. Are the applicable sentencing statutes unconstitutionally vague?

4. [Did] the PCRA court violate the nondelegation doctrine in permitting the civil court to exercise decision-making authority concerning what is to be expected within the purview of criminal sentencing questions?

5. Does a disparity in treatment amongst similarly situated duly convicted persons result in a crucial, binding diminution of constitutional protection?

Appellant's Brief at 1 (formatting altered).

Because Appellant's first two issues are interrelated, we address them together. Appellant argues that his claims do "not question the truth-determining process, thus [his claims] could not be properly brought [] under the PCRA[,]" and that a *habeas* petition is the proper vehicle for him to seek relief. *Id.* at 2; *see also* Appellant's Reply Brief at 2 (asserting that the PCRA

---

[4] Appellant captioned his filing as an "interlocutory request for mandamus intervention." Appellant's Notice of Appeal, 10/11/22, at 1. This Court subsequently ordered the PCRA court to docket Appellant's filing as a notice of appeal, and the PCRA court complied. *See* Order, 101 EDM 2022, 11/1/22.

does not provide relief for "newly disclosed sentence conditions"). Appellant contends that during the litigation of his civil action, the Huntingdon County trial court made determinations regarding the parameters of Appellant's sentence. Appellant's Brief at 2-3. Therefore, Appellant contends that his *habeas* petition was timely because the Huntingdon County civil action "unveiled" previously unknown consequences of Appellant's sentence which he could not have discovered "even through the exercise of due diligence." *Id.* at 5-6. Further, Appellant suggests that the Huntingdon County trial court's order constitutes a new sentence. *Id.* at 6 (citing, *inter alia*, *Commonwealth v. Lugo*, 2794 EDA 2017, 2019 WL 256503 (Pa. Super. filed Jan. 18, 2019) (unpublished mem.)).[5]

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

At the outset, we note that Appellant refers to his filing as a petition for a writ of *habeas corpus*. Our Supreme Court has held that the PCRA statute subsumes the writ of *habeas corpus* where a remedy is available under the PCRA. *See Commonwealth v. Fahy*, 737 A.2d 214, 223-24 (Pa. 1999); *see*

---

[5] Appellant alternatively argues that this appeal may be moot because the Commonwealth Court reversed the Huntingdon County trial court's order dismissing his civil action. Appellant's Reply Brief at 2 (citing *Rankins II*, 2023 WL 2594004). For the reasons set forth below, we affirm the PCRA court's order.

*also Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013) (explaining that when a petitioner's claims are cognizable under the PCRA, the writ of *habeas corpus* is not available); 42 Pa.C.S. § 9542 (stating that a PCRA petition "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*"). Further, our Supreme Court has "broadly interpreted the PCRA eligibility requirements as including within its ambit claims . . . regardless of the 'truth-determining process' language . . . from Section 9543(a)(2)(i)." *Commonwealth v. Hackett*, 956 A.2d 978, 986 (Pa. 2008) (citations omitted).

A claim that a sentencing statute was void because it was unconstitutionally vague is a challenge to the legality of the sentence. *See Commonwealth v. Moore*, 247 A.3d 990, 997-98 (Pa. 2021). Further, "claims pertaining to the Eighth Amendment's Cruel and Unusual Punishment Clause [] pertain to the legality of the sentence . . . ." *Commonwealth v. Lawrence*, 99 A.3d 116, 122 (Pa. Super. 2014) (citation omitted). A challenge to the "legality of sentence is always subject to review within the PCRA," however a PCRA petitioner "must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Fahy*, 737 A.2d at 223 (citation omitted); *see also Moore*, 247 A.3d at 998; 42 Pa.C.S. § 9543(a)(2)(vii).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one

year of the date the judgment becomes final," unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered); *see also Commonwealth v. Allison*,

235 A.3d 359, 364 (Pa. Super. 2020) (explaining that a petitioner must present evidence in support of a claim that his PCRA petition is timely based on newly discovered facts and "unsubstantiated bald assertions" will "fall[] short of pleading and proving an exception to the PCRA's timing requirements" (citations and footnote omitted)). If a PCRA petition is untimely, and none of the timeliness exceptions are met, our courts lack jurisdiction to address the merits of a challenge to the legality of the sentence. ***See Commonwealth v. Miller***, 102 A.3d 988, 995-96 (Pa. Super. 2014).

Here, the PCRA court addressed the applicability of the PCRA to and the timeliness of Appellant's petition as follows:

> The Post-Conviction Relief Act addressed Appellant's claims raised in his *habeas* petition and as such, the petition must be treated as a petition under the Act. A *habeas* petition is used to inquire into the "cause for detention" of any person and is only available to address constitutional and jurisdictional issues that cannot be address[ed] by the PCRA. While Appellant attempts to fashion his petition in terms of unconstitutionality of this court's sentence, he is really alleging the court's sentence was illegal in that he was not provided notice of all the potential consequences of his sentence of life in prison.

> \* \* \*

> As a form of relief, Appellant is seeking either release or resentencing under a statute that would make "unanticipated, unforeseeable, and newly disclosed conditions of the sentence of imprisonment lawful." [*Pro Se* Pet. for *Habeas Corpus*, 7/19/22, at 4.] Appellant is not entitled to either form of relief, nor is there a statute in existence that provides the latter form of relief requested.

> As a petition under the PCRA, Appellant's *habeas* petition is untimely and the court is without jurisdiction to address it. His judgment of sentence became final in November of 2007 and he therefore had until November of 2008 to file a PCRA [petition].

PCRA Ct. Op. at 4-5 (some citations omitted and some formatting altered).

Based on our review of the record, we conclude that the PCRA court properly construed Appellant's *habeas* petition as a PCRA petition. **See Fahy**, 737 A.2d at 223-24 (stating that "the PCRA subsumes the writ of *habeas corpus* with respect to remedies offered under the PCRA"); **see also Moore**, 247 A.3d at 992-93, 997-98 (holding that a claim that a sentencing statute is void for vagueness is a challenge to the legality of the sentence which is cognizable under the PCRA, and concluding that the defendant's "*habeas*" petition did not comply with the PCRA's timeliness requirements); **Lawrence**, 99 A.3d at 122 (explaining that "claims pertaining to the Eighth Amendment's Cruel and Unusual Punishment Clause [] pertain to the legality of the sentence" (citation omitted)).

Further, we discern no error of law in the PCRA court's conclusion that Appellant's PCRA petition is untimely. **See Lawson**, 90 A.3d at 4. Here, Appellant's judgment of sentence became final on November 27, 2007, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, when the time for petitioning for a writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13. Accordingly, Appellant had until Monday, December 1, 2008,[6] to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1); 1 Pa.C.S. § 1908. Additionally, the certified record does not support Appellant's

---

[6] The courts were closed on Thursday, November 27, 2008, and the following Friday for the Thanksgiving holiday.

contention that his judgment sentence has been recently modified.[7] Therefore, Appellant's instant PCRA petition, filed on July 19, 2022, is facially untimely.

Finally, we conclude that Appellant has failed to establish any of the statutory exceptions to the PCRA time bar. Appellant baldly asserts that the Huntingdon County trial court revealed previously unknown conditions of his sentence that he could not have previously discovered through the exercise of due diligence. However, because Appellant did not present any evidence supporting his claim, he has failed to prove any of the timeliness exceptions to the PCRA. *See Albrecht*, 994 A.2d at 1094; *Allison*, 235 A.3d at 364.[8]

_____

[7] It is well-established that the "[a]ppellant has the responsibility to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Commonwealth v. Wint*, 730 A.2d 965, 967 (Pa. Super. 1999) (citations and quotation marks omitted); *see also* Pa.R.A.P. 1921, Note (stating that "[u]ltimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials" (citation omitted)).

[8] We also note that Appellant's reliance on *Lugo* is unavailing. First, *Lugo* is an unpublished decision by this Court that was filed prior to May 1, 2019. Therefore, the case is not only non-precedential, but may not be cited or relied upon for its persuasive value. *See, e.g.*, *Commonwealth v. Finnecy*, 249 A.3d 903, 910 n.9 (Pa. 2021); Pa.R.A.P. 126(b). Second, even if *Lugo* could be cited for its persuasive value, it is not applicable. In *Lugo*, this Court concluded that because the defendant had appealed following resentencing, the defendant could "only raise claims pertaining to his new sentence." *Lugo*, 2019 WL 256503, at *3; *see also Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002) (the same). As previously stated, Appellant's judgment of sentence became final on November 27, 2007, and the certified record does not support Appellant's contention that his judgment of sentence had been recently modified.

Therefore, the PCRA court correctly concluded that it did not have jurisdiction to review the merits of Appellant's untimely petition. **See Brown**, 111 A.3d at 175; **Miller**, 102 A.3d at 995-96. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2023