J-S23041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIEN RAINEY A/K/A HASSAN PHILLIPS | : | |
| | : | |
| | : | No. 2723 EDA 2024 |
| Appellant | : | |

Appeal from the PCRA Order Entered September 3, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0805641-1995

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIEN RAINEY | : | |
| | : | |
| Appellant | : | No. 2724 EDA 2024 |

Appeal from the PCRA Order Entered September 3, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0805681-1995

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIEN RAINEY | : | |
| | : | |
| Appellant | : | No. 2725 EDA 2024 |

Appeal from the PCRA Order Entered September 3, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0808891-1995

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      : PENNSYLVANIA
                                        :
               v.                          :
                                        :
                                        :
HASSAN PHILLIPS                   :
                                        :
            Appellant          : No. 2726 EDA 2024

Appeal from the PCRA Order Entered September 3, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1011401-1995

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED NOVEMBER 10, 2025**

Damien Rainey a/k/a Hassan Phillips ("Rainey") appeals *pro se* from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Rainey has failed to establish an applicable exception to the PCRA's timeliness requirements, the PCRA court properly concluded it lacked jurisdiction over his facially untimely petition, and, accordingly, we affirm.

This PCRA appeal involves dozens of crimes spanning multiple dockets. This Court previously set forth the factual history of these cases as follows:

> [Rainey]'s photo was picked out of two separate arrays by three individuals in connection with robberies at two stores owned and operated by Korean-Americans. [Steven Han ("Mr. Han")] picked [Rainey]'s photo in connection with the robbery of his store occurring [i]n April[] 1995, and [Chong Yi and Hwa Yi ("Mr. and Mrs. Yi," respectively)] both picked [Rainey's] photo from an array

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

in connection with two robberies occurring at their store approximately two years apart[, with t]he first robbery taking place [i]n March [] 1993 and the second two days after the Han robbery [i]n May [] 1995. The robber in all three incidents utilized a handgun and threatened the victims and even fired a shot while committing the third robbery.

[Rainey] was arrested sometime after the third robbery and was charged with five counts of robbery, two counts of aggravated assault and three counts of possessing an instrument of crime.

[Rainey]'s trials were consolidated and he ultimately received an aggregate sentence of forty-seven and one-half to ninety-five years [of] incarceration . . .. After his two direct appeals concluded, [Rainey] unsuccessfully sought PCRA relief, and we affirmed. [Rainey] sought PCRA relief [three times more, but only appealed one of those cases to this court.]

*Commonwealth v. Rainey*, No. 2243 EDA 2016, 2017 WL 4280677 at *1 (Pa. Super. 2017) (unpublished memorandum) (internal citation and indentation omitted).

In May 2022, Rainey, acting *pro se*, filed the present facially untimely PCRA petition alleging an alibi defense predicated on what he asserted was **Brady**[2] material. **See** PCRA Pet., 5/12/22. Rainey did not specify in his petition which of the PCRA's timeliness exceptions he was attempting to invoke. The PCRA court issued a notice of intent to dismiss in August 2024,

_____

[2] **See Brady v. Maryland**, 373 U.S. 83 (1963). The **Brady** claim was predicated on what looks like the portion of an affidavit of probable cause filed in the District Court of Maryland for Frederick County. **See** PCRA Pet., 5/12/22, Ex. A. The document contained a statement that Rainey was registered at a hotel in Maryland under an alias for several months in 1995 and paid the room each day in person.

and dismissed the petition on September 3, 2024. Rainey timely appealed.[3]

The PCRA court did not order Rainey to file a concise statement of matters complained of on appeal but nevertheless filed a Rule 1925(a) opinion.

Rainey raises the following issue for our review:

Is a remand warranted where the PCRA court made a legal conclusion unsupported by the record due to failing to conduct an evidentiary hearing for factual determinations concerning newly discovered/**Brady** evidence?

Rainey's Br. at 2 (unnecessary capitalization and answer omitted; some punctuation corrected).

Our standard of review of an order dismissing a PCRA petition is well settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

---

[3] We note this appeal is timely pursuant to the prisoner's mailbox rule. **See Smith v. Pennsylvania Board of Probation and Parole**, 683 A.2d 278, 281 (1996) (stating "in the interest of fairness, a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox"). Rainey had thirty days, or until October 3, 2024, to file an appeal of this Order. **See** Pa.R.A.P. 903. Rainey's *pro se* notice of appeal is dated October 3, 2024, and the prison postmark on the envelope attached to the notice of appeal is October 4, 2024.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotation marks omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018).

Initially, we must determine whether the PCRA court had jurisdiction to adjudicate Rainey's petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii). The petitioner has the burden to allege and prove an exception if applicable. **See Commonwealth v. Robinson**, 139 A.3d 178, 186 (Pa. 2016). "Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim." *Id*. (citation omitted).

The PCRA provides for an exception to its timeliness requirement if a petitioner pleads and proves, *inter alia*, the newly discovered fact exception, which applies when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

"Any petition asserting the newly-discovered evidence exception must be filed within one year of the date on which the claim could have been raised." ***Commonwealth v. Lopez***, 249 A.3d 993, 999 (Pa. 2021) (citing 42 Pa.C.S.A. § 9545(b)(2)). Further, "a petitioner [must] plead and prove that 1) the facts upon which the claim was predic[a]ted were unknown and 2) could not have been ascertained by the exercise of due diligence." ***See Commonwealth v. Allison***, 235 A.3d 359, 363 (Pa. Super. 2020). The focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008). Due diligence requires the petitioner to take reasonable steps to protect his own interests. ***See Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). This rule is strictly enforced. ***See Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010).

There is no dispute that Rainey's serial PCRA petition, filed in May 2022, is facially untimely. ***See Rainey***, 2017 WL 4280677 (affirmance of an order dismissing as untimely Rainey's fourth PCRA petition filed in 2015). In his current PCRA petition, Rainey asserted his mother obtained what he alleges to be a police report from the Frederick (Maryland) Police Department that purportedly establishes an alibi. ***See*** PCRA Pet. at 7. Rainey contends this is ***Brady*** material and thus requires an evidentiary hearing. ***See id***. at 9-12. We note, regarding timeliness, that nowhere in Rainey's PCRA petition, brief, or reply brief has he specified which of the timeliness exceptions applies.

Rainey alludes to suppression of the alleged evidence but only articulates an argument about newly discovered evidence. *See, e.g.*, Rainey's Br. at 5 (containing in the title "newly discovered/*Brady* evidence" and citing caselaw about the newly discovered fact exception). We observe the trial court denied Rainey's petition as untimely, and specifically stated Rainey attempted to and failed at establishing the newly discovered evidence rule. *See* Notice Pursuant to Pa.R.Crim.P. 907, 8/5/24. Rainey has not contested this was the exception he attempted to invoke, nor has he argued a different exception in his appeal; additionally, Rainey did not dispute in his reply brief the Commonwealth's assertion that this was the exception at issue. *See generally* Commonwealth's Br., Rainey's Reply Br. Therefore, we analyze whether Rainey's PCRA is timely based on the newly discovered evidence exception.

The PCRA court concluded Rainey failed to plead a timeliness exception and therefore the court lacked jurisdiction over the petition. The court explained:

> [Rainey] fail[s] to qualify for the newly discovered fact exception because [he has] failed to substantiate the alleged fact at issue.
>
> * * * *
>
> [The document provided by Rainey] merely indicates that the manager [, Jeff Troupe ("Mr. Troupe")] of the [I-70] Motor Lodge told police that [Rainey was] registered to a room at his motel on the days the robberies occurred, and that a record of this interview exists. However, the mere existence of this interview is not, in and of itself, sufficient to establish that the prosecution withheld this interview from the defense in violation of *Brady*. Nothing in the record or in the evidence [offered by Rainey] supports the

assertion that the prosecution withheld the record of Mr. Troupe's statement from the defense in violation of **Brady**.

Notice Pursuant to Pa.R.Crim.P. 907, 8/5/24.

Following our review, we conclude the record supports the PCRA court's determination Rainey failed to plead the newly discovered fact exception provided for in subsection 9545(b)(1)(ii). The purported evidence in this case falls squarely within the excluded category of a newly discovered source of previously known facts. **See Commonwealth v. Mickeals**, 335 A.3d 13, 24 (Pa. Super. 2025) (explaining "new sources of previously known facts do not satisfy the newly-discovered fact exception"); **Commonwealth v. Maxwell**, 232 A.3d 739, 746 (Pa. Super. 2020) (same). Rainey states he "[obviously] . . . knew that he was residing in Maryland at a motel during the time in question[,] but he was completely unaware that the manager of the motel made a statement to the police supporting this fact." Rainey's PCRA Pet., 5/12/22 at 6. Rainey, however, has not addressed that his knowledge of his own whereabouts is the fact at issue, not the new source for that fact. **See Commonwealth v. Branthafer**, 315 A.3d 113, 130 (Pa. Super. 2024) (finding an affidavit and testimony regarding Appellant's location not newly-discovered evidence when Appellant knew of his own whereabouts); **see also Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267 (Pa. 2008) (holding affidavits alleging a known claim was not a new fact; the only "new" fact was that those witnesses supported the previously known claim). Therefore, the police report is not a "new" fact under the exception.

Additionally, Rainey has failed to show how the fact of his own location at the time of the offenses, which was known to him at trial, was raised within one year of when it could have been presented. Rainey claims the "evidence was discovered and obtained in mid[-]February 2022." **See** Rainey's Reply Br. at 2. Rainey has known the facts upon which this evidence is based since 1995; thus, Rainey has failed to show the claim was filed within one year of the date it could have been raised. **See Lopez**, 249 A.3d at 1000 (finding facts known to petitioner for over a decade patently untimely for PCRA petition purposes); 42 Pa.C.S.A. § 9545(b)(2).

Rainey has also failed to explain why this evidence could not have been ascertained by the exercise of due diligence. Rainey claims he exercised due diligence because it was difficult to get leads while incarcerated. **See** Rainey's PCRA Pet., 5/12/22, at 7; Rainey's Reply Br. at 2. However, this Court has rejected such arguments. **See Commonwealth v. Sedlak**, No. 40 WDA 2025, 2025 WL 2709347 at *4 (Pa. Super., Sept. 23, 2025) (unpublished memorandum) (holding due diligence could not be established when Appellant knew the information at time of trial)[4]; **see also Commonwealth v. Howard**, 285 A.3d 652, 664 (Pa. Super. 2022) (explaining due diligence

---

[4] Pursuant to Pa. R.A.P. 126(b), we may rely on unpublished memorandum issued after May 1, 2019, for their persuasive value.

excludes facts "previously known but . . . now presented through a newly discovered source").[5]

For the reasons discussed, Rainey has failed to demonstrate the applicability of the newly discovered fact exception, and his petition is consequently untimely, as the PCRA court rightly concluded. Thus, the lower court properly dismissed Rainey's untimely petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/10/2025

---

[5] For the reasons stated above, Rainey failed to plead the newly-discovered fact exception. And while we note that a **Brady** claim **may** satisfy the governmental interference exception to the PCRA's timeliness, the petitioner must still plead and prove that the failure to previously raise the claim was the result of interference by government officials, **and** that the information could not have been obtained earlier with the exercise of due diligence. **See Commonwealth v. Smith**, 194 A.3d 126, 133 (Pa. Super. 2018). Rainey's citation to the Third Circuit Court of Appeals case **Dennis v. Sec'y, Pennsylvania Dep't of Corr.**, 834 F.3d 263, 290 (3d Cir. 2016)—for the proposition that **Brady** claims may be raised without inquiry into the petitioner's due diligence—is unavailing as that case did not concern the governmental interference exception to the PCRA's timeliness requirements, and, further, as our Supreme Court has held, decisions by federal courts lower than the United States Supreme Court are not binding on state courts. **See Commonwealth v. Conforti**, 303 A.3d 715, 726 (Pa. 2023) (noting **Dennis** as a Third Circuit case is non-binding on Pennsylvania courts).