J-S44035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY BURNS | : | |
| | : | |
| Appellant | : | No. 1097 EDA 2025 |

Appeal from the PCRA Order Entered March 26, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1229873-1991

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED FEBRUARY 20, 2026**

Rodney Burns ("Burns") appeals *pro se* from the order dismissing as untimely his serial petition for relief under the Post Conviction Relief Act ("PCRA").[1] Because the PCRA court properly determined that Burns failed to plead a timeliness exception, we affirm.

The factual history of Burns's conviction is not relevant to the disposition of this appeal. It suffices to note that after a jury found Burns guilty of second-degree murder and related offenses, the trial court, in 1993, sentenced him to life imprisonment for murder and a consecutive term of incarceration for the related offenses. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal in June 1995. *See* ***Commonwealth v. Burns***, 659 A.2d 2 (Pa. Super. 1995) (table), *appeal*

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

*denied*, 663 A.2d 685 (Pa. 1995) (table). Burns did not seek discretionary review in the United States Supreme Court.

After at least two unsuccessful attempts at PCRA relief, Burns filed the instant *pro se* petition giving rise to this appeal. We reproduce Burns's claims in the instant petition verbatim:

> a) Governmental Interference, Violation of the Constitution of Pennsylvania, an the Constitution of the United States.
>
> b) ***Batson***[2] Violation Discrimination of African American Jurors.
>
> c) Police Misconduct, Fraud, Constructive Fraud, Supplying of False Information, Manipulation of evidence.

PCRA Petition, 4/25/24, at 2. He further listed the following facts in support of his claims, which we also reproduce verbatim:

> a) Prosecutor undermining the Constitution.
>
> b) The prosecutor engaged in a Office Policy to Discriminate during jury selection during jury selection.
>
> c) Detectives use of threats and physical abuse, and Detectives tampering with physical evidence.

***Id***.

The PCRA court issued a notice of intent to dismiss the petition as untimely pursuant to Pa.R.Crim.P. 907, and advised Burns that, *inter alia*, he did not plead when he discovered the alleged fact that the Commonwealth violated ***Batson***. ***See*** Rule 907 Notice, 2/24/25, at 2. Burns filed a response generally discussing the newly discovered evidence exception to the PCRA

---

[2] ***Batson v. Kentucky***, 476 U.S. 79 (1986).

time bar, claiming a right to an evidentiary hearing, averring "he was unaware and had no knowledge of information," and stating he exercised due diligence. Response to Notice of Intent to Dismiss, 3/10/25, at 1-3. However, Burns did not describe what information he recently discovered or when he received such information. *See id*.

The PCRA court dismissed Burns's petition on March 26, 2025. Burns timely appealed. The PCRA court did not order a Pa.R.A.P. 1925(b) statement but filed an opinion concluding that Burns failed to address the timeliness of his petition, did not articulate when he discovered the purported fact that the Commonwealth violated *Batson*, and neglected to provide any details for his assertions that unidentified officers engaged in misconduct. *See* PCRA Court Opinion, 3/26/25, at 1-2.

Burns raises the following issues for review:

I.     Whether the District Attorney Office['s] use of policy practice to discriminate against African Americans and to avoid *Batson* by developing pretextual reasons for strikes.

II.    Whether the prosecutor violated petitioner's right to due process of law, to Equal Protection of the law and to petitioner right to a fair trial.

III.   Did the concealment of the . . . training director Bruce Sagel of the District Attorney's Office . . . advocating the use of racial criteria in jury selection amount to governmental interference[?]

IV.    Did the trial [j]udge make a factual finding as to whether the contested peremptory [strike] was based on . . . impermissible grounds.

    V.    Did the concealment of the misconduct from the
          Philadelphia Homicide Detectives violate [Burns's] right to a
          fair trial[?]

Burns's Brief at 3.

        Our standard of review of an order dismissing a PCRA petition is well-

settled:

        Our review of a PCRA court's decision is limited to examining
        whether the PCRA court's findings of fact are supported by the
        record, and whether its conclusions of law are free from legal
        error.   We view the record in the light most favorable to the
        prevailing party in the PCRA court.   We are bound by any
        credibility determinations made by the PCRA court where they are
        supported by the record.   However, we review the PCRA court's
        legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation

and quotations omitted).

        Under the PCRA, any petition "including a second or subsequent petition,

shall be filed within one year of the date the judgment becomes final[.]" 42

Pa.C.S.A. § 9545(b)(1).  The PCRA's timeliness requirements are jurisdictional

in nature, and a court may not address the merits of the issues raised if the

PCRA petition was not timely filed.  **See Commonwealth v. Albrecht**, 994

A.2d 1091, 1093 (Pa. 2010); **see also Commonwealth v. Woolstrum**, 271

A.3d 512, 513 (Pa. Super. 2022) (providing that "[i]f a PCRA petition is

untimely, courts lack jurisdiction over the petition") (internal citations

omitted).  Pennsylvania courts may nevertheless consider an untimely PCRA

petition if the petitioner can plead and prove one of three exceptions set forth

in section 9545(b)(1)(i)-(iii), and he filed his PCRA petition invoking a

timeliness exception within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).[3] "[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007), (internal citations omitted); *see also* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). "Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016).

Following our review, we discern no error in the PCRA court's decision to dismiss Burns's petition as untimely. Burns's convictions became final in September 1995, when the time for seeking discretionary review in the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(1), (3); *see also*

_____

[3] The three statutory timeliness exceptions are the "governmental interference" exception, *see* 42 Pa.C.S.A. § 9545(b)(1)(i), the "newly discovered facts" exception, *see* 42 Pa.C.S.A. § 9545(b)(1)(ii), and the "new constitutional right" exception, *see* 42 Pa.C.S.A. § 9545(b)(1)(iii). To establish the governmental interference exception, pursuant to section 9545(b)(1)(i), a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *See Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021). To establish the newly discovered facts exception, "a petitioner [must] plead and prove that 1) the facts upon which the claim was predic[a]ted were unknown and 2) could not have been ascertained by the exercise of due diligence." *See Commonwealth v. Allison*, 235 A.3d 359, 363 (Pa. Super. 2020). To invoke the new constitution right exception, a petitioner must plead and prove that our High Court has already held that an asserted constitutional right is both new and has retroactive applicability. *See Commonwealth v. Leggett*, 16 A.3d 1144, 1147 (Pa. Super. 2011).

U.S. Sup. Ct. R. 13. The instant PCRA petition, filed in April 2024, was facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Therefore, Burns had the burden of pleading and proving a PCRA timeliness exception. **See Robinson**, 139 A.3d at 186.

Here, Burns's PCRA petition contained only boilerplate claims and facts for relief. **See** PCRA Petition, 4/25/24, at 2. He did not plead any allegations relevant to a timeliness exception under the PCRA, including what new information on which he was relying, when he discovered any new fact, why he could not have previously discovered the fact with the exercise of due diligence, and how a governmental official prevented him raising his claim earlier. **See Commonwealth v. Marshall**, 947 A.2d 714, 721 (Pa. 2008) (concluding general, unsupported allegations the Commonwealth interfered with the presentation of a claim did not satisfy the burden of establishing a governmental interference exception); **Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa. Super. 2014) (noting that "[a] petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence"). Moreover, Burns's response to the PCRA court's Rule 907 notice only advanced general legal arguments. **See** Response to Notice of Intent to Dismiss, 3/10/25, at 1-3. Thus, Burns failed to assert, let alone establish, any timeliness exception to consider his facially untimely petition, and the PCRA

court properly dismissed Burns's petition for lack of jurisdiction. **See**

***Woolstrum***, 271 A.3d at 513.[4]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/20/2026

---

[4] We acknowledge that Burns's attempts to discuss and present additional evidence on the PCRA timeliness exceptions in his appellate brief; however, because he did not present these matters to the PCRA court, we cannot review them in this appeal. ***See Burton***, 936 A.2d at 525.